CLOSED, CONFLICT_STMT, MDL

# U.S. District Court
## Alabama Middle District (Montgomery)
### CIVIL DOCKET FOR CASE #: 2:11-cv-00428-SRW
#### Internal Use Only

Norris v. Cardtronics USA, Inc.
Assigned to: Honorable Judge Susan Russ Walker
Cause: 15:1693 Electronic Fund Transfer Act

Date Filed: 06/06/2011
Date Terminated: 11/16/2011
Jury Demand: Plaintiff
Nature of Suit: 430 Banks and Banking
Jurisdiction: Federal Question

**Plaintiff**

**Cynthia Louise Norris**
*individually and on behalf of all others
similarly situated*

represented by **Eric G. Calhoun**
Travis, Calhoun & Conlon, PC
5001Spring Valley Road
1000 Prov Tow East
Dallas, TX 75244
972-934-4100
Fax: 972-934-4101
Email: eric@travislaw.com
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Matthew Bruce Alfreds**
445 S Decatur St.
Montgomery, AL 36104
334-264-1498
Email: mbalfreds@bellsouth.net
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

ATTEST: A True Copy.
Certified to ___NOV, 16___, 20_11_.
Clerk, U.S. District Court,
Middle District of Alabama
BY _____
Deputy Clerk

V.

**Defendant**

**AmeriFirst Bank**
*TERMINATED: 08/19/2011*

represented by **David Alan Lester**
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre L.L.P.
1819 Fifth Avenue North
Suite 1100
Birmingham, AL 35203
205-244-5283
Fax: 205-244-5483
Email: dlester@joneswalker.com
*TERMINATED: 08/19/2011*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Defendant**

**Cardtronics USA, Inc.**          represented by   **Robert Emmett Poundstone , IV**
Bradley Arant Boult & Cummings
PO Box 1469
401 Adams Avenue , Suite 780 (36104)
Montgomery, AL 36102-1469
334-956-7700
Fax: 334-956-7701
Email: bpoundstone@babc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Charles Andrew Stewart , III**
Bradley Arant Boult Cummings LLP
401 Adams Ave, Suite 780
Montgomery, AL 36104
334-956-7700
Fax: 334-956-7701
Email: cstewart@babc.com
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/2011 | ❿ 1 | COMPLAINT against AmeriFirst Bank (Filing fee $ 350.00 receipt number 4602018780), filed by Cynthia Louise Norris. (Attachments: # 1 Receipt)(br, ) (Entered: 06/13/2011) |
| 06/06/2011 | ❿ | DEMAND for Trial by Jury by Cynthia Louise Norris. NO PDF attached; see 1 Complaint for PDF. (br, ) Modified on 6/13/2011 to correct file date (br, ). (Entered: 06/13/2011) |
| 06/13/2011 | ❿ 2 | Notice of Deficiency requiring filing of Corporate Disclosure/Conflict Statement sent to Cynthia Louise Norris. Corporate Disclosures due by 6/23/2011. (Attachments: # 1 Corporate Conflict Standing Order)(br, ) (Entered: 06/13/2011) |
| 06/13/2011 | ❿ | NOTICE of Assignment to Magistrate Judge mailed to counsel for Cynthia Louise Norris. (br, ) (Entered: 06/13/2011) |
| 06/13/2011 | ❿ 3 | Summons Issued; summons and complaint sent CMRRR to AmeriFirst Bank. (br, ) (Entered: 06/13/2011) |
| 06/15/2011 | ❿ 4 | Return Receipt Card showing service of Summons and Complaint signed by Carol Dawson for AmeriFirst Bank served on 6/14/2011, answer due |

| | | 7/5/2011. (wcl, ) (Entered: 06/15/2011) |
|---|---|---|
| 06/16/2011 | 🔍 5 | Corporate/Conflict Disclosure Statement by Cynthia Louise Norris re 2 Notice of Deficiency requiring filing of Corporate Disclosure/Conflict Statement. (Calhoun, Eric) (Entered: 06/16/2011) |
| 06/17/2011 | 🔍 | (Court only) ***Deadlines terminated: Corporate Disclosure Deadline for Cynthia Louise Norris. (No PDF Attached) (wcl, ) (Entered: 06/17/2011) |
| 06/30/2011 | 🔍 6 | Consent MOTION for Extension of Time to File Answer re 1 Complaint by AmeriFirst Bank. (Lester, David) (Entered: 06/30/2011) |
| 07/01/2011 | 🔍 | NOTICE of Assignment to Magistrate Judge mailed to counsel for AmeriFirst Bank. (No PDF Attached) (wcl, ) (Entered: 07/01/2011) |
| 07/01/2011 | 🔍 7 | Notice of Deficiency requiring filing of Corporate Disclosure/Conflict Statement sent to AmeriFirst Bank; Corporate Disclosures due by 7/11/2011. (Attachments: # 1 Corporate/Conflict Attachment)(wcl, ) (Entered: 07/01/2011) |
| 07/01/2011 | 🔍 8 | Corporate/Conflict Disclosure Statement by AmeriFirst Bank. (Lester, David) (Entered: 07/01/2011) |
| 07/01/2011 | 🔍 | (Court only) ***Conflict Statement Deadline set by 7 Notice terminated. ***Set Conflict Statements Received flag. (br, ) (Entered: 07/05/2011) |
| 07/08/2011 | 🔍 9 | ANSWER to 1 Complaint by AmeriFirst Bank.(Lester, David) (Entered: 07/08/2011) |
| 07/28/2011 | 🔍 10 | MOTION for Leave to File *Amended Complaint* by Cynthia Louise Norris. (Attachments: # 1 Exhibit "A" Amended Complaint)(Calhoun, Eric) (Entered: 07/28/2011) |
| 07/28/2011 | 🔍 11 | BRIEF/MEMORANDUM in Support re 10 MOTION for Leave to File *Amended Complaint* filed by Cynthia Louise Norris. (Calhoun, Eric) (Entered: 07/28/2011) |
| 07/28/2011 | 🔍 12 | RESPONSE in Support re 10 MOTION for Leave to File *Amended Complaint* filed by AmeriFirst Bank. (Lester, David) (Entered: 07/28/2011) |
| 08/04/2011 | 🔍 13 | ORDER denying as moot 6 Motion for Extension of Time. Signed by Honorable Judge Susan Russ Walker on 8/4/2011. (br, ) (Entered: 08/04/2011) |
| 08/08/2011 | 🔍 14 | ORDER granting 10 Motion for Leave to File Amended Complaint. Signed by Honorable Judge Susan Russ Walker on 8/8/2011. (br, ) (Entered: 08/08/2011) |
| 08/09/2011 | 🔍 15 | AMENDED COMPLAINT against AmeriFirst Bank, filed by Cynthia Louise Norris.(Calhoun, Eric) (Entered: 08/09/2011) |
| 08/09/2011 | 🔍 | DEMAND for Trial by Jury by Cynthia Louise Norris. NO PDF attached; see 15 Amended Complaint for PDF. (br, ) (Entered: 08/10/2011) |

| 08/19/2011 | 🔁 16 | Notice of Consent to Amend Complaint by Cynthia Louise Norris. (Attachments: # 1 Exhibit Second Amended Complaint)(Alfreds, Matthew) Modified on 8/22/2011 to show this is not a motion (br, ). (Entered: 08/19/2011) |
| 08/19/2011 | 🔁 17 | SECOND AMENDED COMPLAINT against Cardtronics USA, Inc., filed by Cynthia Louise Norris.(br, ) Modified on 8/22/2011 to correct file date (br, ). (Entered: 08/22/2011) |
| 08/19/2011 | 🔁 | DEMAND for Trial by Jury by Cynthia Louise Norris. NO PDF attached to this entry; see 17 Second Amended Complaint for PDF. (br, ) (Entered: 08/22/2011) |
| 08/19/2011 | 🔁 | (Court only) *** Party AmeriFirst Bank terminated per 17 Amended Complaint, *** Attorney David Alan Lester terminated. (br, ) (Entered: 08/22/2011) |
| 08/22/2011 | 🔁 | (Court only) ***Motions terminated: 16 MOTION to Amend/Correct *Complaint* filed by Cynthia Louise Norris. Wrong event used; Motion set in error. (br, ) (Entered: 08/22/2011) |
| 08/24/2011 | 🔁 18 | Summons Issued; summons and second amended complaint sent CMRRR to Cardtronics USA, Inc. (br, ) (Entered: 08/24/2011) |
| 08/29/2011 | 🔁 19 | Return Receipt Card showing service of summons and second amended complaint signed by Laura Payne for Cardtronics USA, Inc. served on 8/25/2011, answer due 9/15/2011. (br, ) (Entered: 08/29/2011) |
| 09/14/2011 | 🔁 20 | ANSWER to 17 Amended Complaint by Cardtronics USA, Inc..(Poundstone, Robert) (Entered: 09/14/2011) |
| 09/14/2011 | 🔁 21 | Corporate/Conflict Disclosure Statement by Cardtronics USA, Inc.. (Poundstone, Robert) (Entered: 09/14/2011) |
| 09/14/2011 | 🔁 | ***Attorney Charles Andrew Stewart, III added for Cardtronics USA, Inc. pursuant to 20 Answer. (br, ) (Entered: 09/15/2011) |
| 10/17/2011 | 🔁 22 | STIPULATION of Dismissal by AmeriFirst Bank. (Lester, David) (Entered: 10/17/2011) |
| 10/25/2011 | 🔁 | NOTICE of Assignment to Magistrate Judge MAILED to counsel for Cardtronics USA, Inc. (NO PDF document attached to this notice). (djy, ) (Entered: 10/25/2011) |
| 11/04/2011 | 🔁 23 | NOTICE by Cardtronics USA, Inc. *OF FILING TO JUDICIAL PANEL ON MULTIDISTRICT LITIGATION OF NOTICE OF TAG-ALONG ACTION* (Poundstone, Robert) (Entered: 11/04/2011) |
| 11/16/2011 | 🔁 24 | Received from the Clerk, USDC for the Southern District of California via email a copy of the Order entered on November 15, 2011 by the Judicial Panel on Multidistrict Litigation transferring this action to the USDC, for Southern District of California. (br, ) (Entered: 11/16/2011) |

| 11/16/2011 | ❂ | Case transferred to Southern District of California. Certified copy of the docket and all case documents sent by email to Clerk for the USDC, Southern District of California. (br, ) (Entered: 11/16/2011) |
| 11/16/2011 | ❂ | (Court only) ***Set MDL Flag (br, ) (Entered: 11/16/2011) |

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602018780
Cashier ID: khaynes
Transaction Date: 06/06/2011
Payer Name: MATTHEWS B ALFREDS
----------------------------------
CIVIL FILING FEE
 For: MATTHEWS B ALFREDS
 Case/Party: D-ALM-2-11-CV-000428-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 1069
 Amt Tendered: $350.00
----------------------------------
Total Due:        $350.00
Total Tendered: $350.00
Change Amt:       $0.00

2:11-cv-00428-SRW


Norris v. AmeriFirst Bank

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

RECEIVED

2011 JUN -6  A 11: 23

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**Cynthia Louise Norris**, individually and on behalf of
all others similarly situated,

      Plaintiff,

vs.

Civil Action No.: 2:11-CV-428-

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**AmeriFirst Bank**,
Defendants **"A," "B," "C," and "D"**, the person
firm or entity responsible for maintaining the ATM
upon the occasion made the basis of this suit,

      Defendants.

---

## COMPLAINT

---

Plaintiff, Cynthia Louise Norris, individually, and on behalf of all others similarly situated ("Plaintiff"), alleges upon knowledge with respect to herself and upon information and belief based, in part, on the investigation of counsel, as follows:

### I.      PRELIMINARY STATEMENT

1.    Plaintiff brings this action, individually and on behalf of all others similarly situated, against Defendant alleging violations of 15 U.S.C. § 1693 *et seq.*, which is commonly known as the Electronic Fund Transfer Act and 12 C.F.R. § 205 *et seq.*, commonly known as Regulation E, which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as the "EFTA").

2. The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services. The primary objective of the EFTA and Regulation E is the protection of consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1(b). The EFTA requires specific disclosures be given by operators of automated teller machines ("ATMs") to users of ATMs, prior to the imposition of a fee for using an ATM. 15 U.S.C. § 1693b.

3. The Congressional findings and declaration of purpose regarding the EFTA provides:

(a) Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers. However, due to unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

(b) Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights

4. The EFTA specifically requires that ATM machines must have a posted notice attached on or at the machine informing consumers of the imposition of an ATM surcharge. 15 U.S.C. § 1693b(d)(3).

5. This case is brought under the EFTA based upon the fact that Defendant has imposed ATM fees without providing any posted notice as required by the EFTA.

6. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant based on Defendant's violation of the EFTA. Plaintiff seeks, on behalf of herself and the proposed class, statutory damages, costs and attorney's fees, all of which are

2

expressly made available by statute, 15 U.S.C. § 1693m.  Plaintiff does not seek actual damages. Plaintiff also seeks a permanent injunction enjoining Defendant from continuing its unlawful practice of negligently, willfully, or knowingly violating the provisions of the EFTA which prohibit the improper imposition of ATM fees.

## II.  PARTIES

7.     Plaintiff is a natural person who resides in Montgomery County, Alabama and used certain ATM owned and operated by AmeriFirst Bank and located at 1799 McQueen Smith Road; Prattville, AL 36067 (hereinafter, the "AmeriFirst ATM"), within one year of the filing of this Complaint, and was charged an ATM surcharge fee at the ATM described in this Complaint.

8.     Defendant AmeriFirst Bank ("AmeriFirst") is a Alabama corporation authorized and doing business in Alabama.

9.     Plaintiff does not know the true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants sued in this action as "A," "B," "C," and "D," inclusive, and accordingly, Plaintiff sues such Defendants by such fictitious names. Plaintiff is informed and believes, and based on such information and belief alleges, that each defendant is in some way responsible for the wrongful conduct as alleged below.  Plaintiff requests leave that when the true names and capacities of such defendants are ascertained, they may be inserted here with the appropriate allegations.

## III.  JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*

11. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## IV. BACKGROUND

### A. Electronic Funds Transfer Act

12. "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes . . . automated teller machine transactions . . . ." 15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

13. Defendant is an "automated teller machine operator" as that term is defined by 12 C.F.R. § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

14. 15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. § 205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the fee before the consumer is committed to the transaction. Specifically, 12 C.F.R. § 205.16(b) states:

> *General.* An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1)    Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

(2)    Disclose the amount of the fee.

15.    15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c), specifies the notice to be provided to consumers. 12 C.F.R. § 205.16(c) states:

(c)    *Notice requirement.* To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1)    *On the machine.* Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2)    *Screen or paper notice.* Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

16.    Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

17.    15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a notice is required *unless* the consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c). Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

(C) **Prohibition on fees not properly disclosed and explicitly assumed by consumer.** No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R. § 205.16(e) provides that:

(e) *Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1) The consumer is provided the notices required under paragraph (c) of this section, and

(2) The consumer elects to continue the transaction or inquiry after receiving such notices.

18. In connection with 2006 amendments to the EFTA, the Board of Governors of the Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*, explained the EFTA's disclosure requirements as follows:

The final rule clarifies the *two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct.* Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee....

71 F.R. 1638, 1656 (emphasis added).

19. Thus, the statute and regulation require that a physical notice must be displayed informing consumers that the ATM imposes a surcharge and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

20.     The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements. *See Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19, 2006). A plaintiff seeking statutory damages under the EFTA need not prove that he or she sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into a transaction. *Burns*, 2006 WL 3754820, *6 ("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

21.     The notice referenced in 15 U.S.C. § 1693f has no arguable applicability to Plaintiff's claims because, among other things, Plaintiff is not an account holder of Defendant.

**B.     Defendant's Conduct**

22.     Defendant is an ATM operator regulated under the EFTA, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

23.     Defendant owns and operates the AmeriFirst ATM located at 1799 McQueen Smith Road; Prattville, AL 36067.

24.     The AmeriFirst ATM permits consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

25.     The AmeriFirst ATM imposes a fee on consumers who withdraw cash from the AmeriFirst ATM.

26.     Defendant failed to post on or at the AmeriFirst ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendant's improper imposition of a fee to users of the AmeriFirst ATM.

27. Defendant's failure to post the required notice on or at the AmeriFirst ATM has resulted in frequent and persistent non-compliance with the EFTA. Said violations of the EFTA have adversely affected hundreds or thousands of consumers.

28. Despite knowing of the ATM fee notice provisions of the EFTA, Defendant has intentionally violated and continues to violate the EFTA by failing to post the required ATM fee notice at the AmeriFirst ATM and improperly imposing ATM fees.

29. Defendant's non-compliance with the ATM fee notice requirements of the EFTA, and subsequent imposition of a fee, did not result from a bona fide error.

**C.**    **Plaintiff's Electronic Funds Transfers With Defendant**

30. Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

31. In September of 2010, Plaintiff used the AmeriFirst ATM described in this Complaint in order to conduct an electronic funds transfer involving the withdrawal of cash.

32. The AmeriFirst ATM did not and does not have the fee notice required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16 as it did not have any sign affixed to it or in close proximity to it informing consumers that use of the AmeriFirst ATM will or may result in an ATM surcharge.

33. Plaintiff was in fact assessed a $3.00 ATM surcharge fee for withdrawing cash from the AmeriFirst ATM described in this Complaint.

**V.    CLASS ALLEGATIONS**

34. Plaintiff brings this class action on behalf of herself and all other similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35. Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the AmeriFirst ATM described in ¶

7 and (c) were assessed a fee for withdrawing cash from the AmeriFirst ATM described in ¶ 7, (d) on or after the date one year prior to the filing of this action and continuing through the trial of this cause or until the Defendant is compliant with the ETFA by posting the appropriate notice. (the "Class").

36.     Congress expressly intended that the EFTA would be enforced, in part, through private class actions.  15 U.S.C. § 1693m(a).

37.     Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the Class.

38.     The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records.  Defendant has exclusive control of this information.

39.     Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

40.     Defendant can generate data for its ATMs identifying each transaction in which a fee was charged.  The data will include the date of the transaction, the amount of the fee and the personal account number ("PAN") for the consumer.  The PAN includes a bank identification number ("BIN").  This information can be used to identify class members.

41.     The Class is sufficiently numerous to make bringing all parties before the Court impractical.

42.     Plaintiff's claims are typical of the claims of the members of the Class.  The claims of the Plaintiff and members of the Class are based on the same legal theories and arise

from the same unlawful conduct. Plaintiff and Class members seek recovery of statutory, not actual, damages.

43. Plaintiff and members of the Class were each users of the AmeriFirst ATM since the date one year prior to the filing of this action.

44. Plaintiff and each member of the Class were illegally charged an ATM fee as a result of Defendant's failure to comply with the ATM fee notice requirements of the EFTA.

45. Plaintiff and each class member received an inadequate notice regarding the imposition of an ATM fee by the AmeriFirst ATM.

46. The questions of law and fact common to the Class predominate over questions which may affect individual members, including:

> (a) Whether Defendant was at all relevant times during the class period an automated teller machine operator which imposed a fee on consumers for providing host transfer services to those consumers;
>
> (b) Whether Defendant is the operator of the AmeriFirst ATM;
>
> (c) Whether Defendant complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and
>
> (d) Whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendant's acts and conduct.

47. Plaintiff can and will adequately and vigorously represent and protect the interests of the members of the Class. Plaintiff has no interests antagonistic to the members of the Class. Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation.

48. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class.

49.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class.  While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class.  The likelihood of the individual members of the Class prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and court system, and would protect the rights of each member of the Class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

50.     Defendant has acted on grounds generally applicable to the members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## VI.     CLAIMS

### A.     Count 1:  Violation of 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. 205 *et seq.*

51.     Plaintiff incorporates and re-alleges the above numbered paragraphs by reference.

52.     Plaintiff asserts this claim on behalf of herself and the Class against Defendant.

53.    Defendant failed to provide notices to the Plaintiff and the Class as required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

54.    15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e) prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice of the fee is posted in a prominent and conspicuous location on or at the ATM.

55.    Defendant imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

56.    As a result of Defendant's violations of the EFTA, Defendant is liable to Plaintiff and the class for statutory damages pursuant to 15 U.S.C. § 1693m.

57.    As a result of Defendant's violations of the EFTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorney's fees.

58.    Defendant's conduct is continuing, and, unless restrained, Defendant will continue to engage in violations of the EFTA.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Class, prays for:

A.    An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B.    An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1693m;

C.    Payment of costs of suit herein incurred pursuant to 15 U.S.C. § 1693m(a)(3);

D.    Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3);

E.    A permanent injunction enjoining Defendant from engaging in conduct in violation of the EFTA; and

F.    For other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable in this action.

Dated:  __6__ day of __June_____, 2011.

Respectfully submitted,

Matthew Bruce Alfreds (ALF011)
445 S. Decatur Street
Montgomery, AL 36103
Tel:  334-264-1498
Fax:  334-264-1468

**OF COUNSEL:**

Eric G. Calhoun, Esq.
**TRAVIS, CALHOUN & CONLON, P.C.**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas  75244
(972) 934-4100 – telephone
(972) 934-4101 – facsimile
e-mail:  eric@travislaw.com

*Attorneys for Plaintiff and Proposed Class Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Civil Misc. No 00-3047

**ORDER**

**CONFLICT DISCLOSURE STATEMENT**

In compliance with Fed. R. App. P. 26.1, Fed. R. Bankr. P. 1007(a)(1) and 7007.1, Fed R.

Civ. P. 7.1, and Fed. R. Crim. P. 12.4, and other considerations which require judges to avoid

conflicts of interest with unnamed corporations, partnerships, limited liability entities, joint ventures,

trust entities, and other entities which may be related to parties to actions in this court, it is

ORDERED that this court's order (Civ. Misc. No. 00-3047) (Doc. # 2) entered February 16,

2007, is hereby VACATED.  It is further ORDERED as follows:

1.  All parties (including individuals and governmental entities) shall file a statement

identifying all parent companies, subsidiaries, partners, limited liability entity members and

managers, trustees (but not trust beneficiaries), affiliates, or similar entities that could potentially

pose a financial or professional conflict for a judge. The statement shall be filed with a party's first

appearance.  If there are no reportable relationships, that fact shall be certified in the filing.

2.  In addition to this requirement which applies to all cases, all bankruptcy appeals shall be

accompanied by a statement identifying the debtor, the members of creditors' committee, any entity

which is an active participant in the proceedings, and other entities whose stock or equity value may

be substantially affected by the outcome of the proceedings.

3.  It is the responsibility of each party to a case to file a supplemental disclosure statement

if, during the pendency of the case, additional reportable entities develop that would have been

reportable initially.

4.  This rule shall become effective on the date of filing, and shall apply to all cases pending in this court after that date.

DONE this <u>12</u><sup>th</sup> day of <u>June</u>, 2007

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

**\*\*SAMPLE NOTICE FORMAT\*\***

**Note:** When E-Filing this pleading, please enter a separate docket entry. The event entry is located on CM/ECF by clicking: **CIVIL > OTHER DOCUMENTS > CORPORATE DISCLOSURE STATEMENT** A **screen-fillable** Adobe Acrobat PDF form, which can be saved and E-Filed, is available on-line; it is available at http://www.almd.uscourts.gov/docs/CONFLICT_DISCLOSURE_STATEMENT_FILLABLE.pdf

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

_____,   )
                                         )
       Plaintiff,             )
                                         )
v.                               )     CASE NO. _____
                                       )
_____,   )
                                       )
       Defendants,        )

**CONFLICT DISCLOSURE STATEMENT**

      COMES NOW _____, a [Plaintiff/Defendant] in the above-captioned matter, and in accordance with the order of this Court, making the following disclosure concerning parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the provisions of the Middle District of Alabama's General Order No. 3047:

☐    This party is an individual, or

☐    This party is a governmental entity, or

☐    There are no entities to be reported, or

☐    The following entities and their relationship to the party are hereby reported:

Reportable Entity                Relationship to Party

_____      _____

_____      _____

_____      _____

_____      _____

_____
Date

Signature
_____
Counsel
_____
Counsel for (print names of all parties)
_____
Address, City, State Zip Code
_____
Telephone Number

Also requires a certificate of Service

**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

June 13, 2011

# NOTICE OF DEFICIENCY
# REGARDING CORPORATE/
# CONFLICT STATEMENT

**To:       Cynthia Louise Norris**

**From:     Clerk's Office**

**Case Style:       Norris v. AmeriFirst Bank**

**Case Number:       2:11-cv-00428-SRW**

**Notice is hereby given that pursuant to the Federal Rules of Civil Procedure 7.1, and this Court's General Order Miscellaneous Case No. 00-3047 parties are required to file their Corporate/Conflict Disclosure Statement at their initial appearance.**

**No corporate/conflict disclosure statement has been filed by you in this action.**

**This deficiency must be corrected within ten (10) days from this date. Please refer to attachment.**

MD AL MODIFIED AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Alabama

| | |
|---|---|
| Cynthia Louise Norris | ) |
| *Plaintiff* | ) |
| v. | ) |
| AmeriFirst Bank | ) |
| *Defendant* | ) |

Civil Action No. 2:11-CV-428 -SRW

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Amerifirst Bank
c/o  H. Grady Capps
104 EAST HARDAWAY AVE
UNION SPRINGS, AL  36089

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.P. 12 (a)(2) or (3) — or 90 days in a  Social Security action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Matthew Bruce Alfreds     445 S. Decatur Street; Montgomery, AL 36104
(334—264-2498)

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*DEBRA P. HACKETT, CLERK OF COURT*

Date: 6/13/2011

*Signature of Clerk or Deputy Clerk*

MD AL MODIFIED AO 440 (Rev. 02/09)  Summons in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                        *Server's signature*

                                              _____
                                                        *Printed name and title*

                                              _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AmeriFirst Bank
c/o H. Grady Capps
104 East Hardaway Ave
Union Springs, AL 36089

11CV428 Sm + Cmp

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Carole Salmon_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                6/14/11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7009 0080 0002 2484 3809

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

---

**Cynthia Louise Norris**, individually and on behalf of
all others similarly situated,

      Plaintiff,

vs.                                   Civil Action No.:2:11-CV-00428-SRW
                                               **CLASS ACTION**

**AmeriFirst Bank**,
Defendants **"A," "B," "C," and "D"**, the person
firm or entity responsible for maintaining the ATM
upon the occasion made the basis of this suit,

      Defendants.

---

CONFLICT DISCLOSURE STATEMENT

---

        COMES NOW Cynthia Louise Norris, the Plaintiff in the above-captioned

matter, and in accordance with the order of this Court, making the following

disclosure concerning parent companies, subsidiaries, partners, limited liability

entity members and managers, trustees (but not trust beneficiaries), affiliates, or

similar entities reportable under the provisions of the Middle District of Alabama's

General Order No. 3047:

        ✓ This party is an individual; and

        ✓ **There are no entities to be reported.**

Dated:   June 16, 2011          Respectfully submitted,

                                /s/ Eric G. Calhoun_____
                                Eric G. Calhoun, Esq.
                                Texas Bar No. 03638800
                                TRAVIS, CALHOUN & CONLON, P.C.
                                1000 Providence Towers East
                                5001 Spring Valley Road
                                Dallas, Texas  75244
                                (972) 934-4100 – telephone
                                (972) 934-4101 – facsimile
                                e-mail:  eric@travislaw.com


                                Matthew Bruce Alfreds (ALF011)
                                445 S. Decatur Street
                                Montgomery, AL 36103
                                Tel:  334-264-1498
                                Fax:  334-264-1468
                                e-mail:  mbalfreds@bellsouth.net

                                *Attorneys for Plaintiff and Proposed Class Counsel*


## CERTIFICATE OF SERVICE

        I hereby certify on this 16th day of June, 2011, that the below party of record will be served with a copy of this document via the Court's CM/ECF system pursuant to the local rules of this Court. If said party of record has not registered for electronic notice, a copy will be served via first class U.S. mail and facsimile transmission.

Amerifirst Bank
104 East Hardaway Ave
Union Springs, AL 36089


                                */s/ Eric G. Calhoun*_____
                                ERIC G. CALHOUN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **CYNTHIA LOUISE NORRIS, individually and on behalf of all other similarly situated,** | |
| **Plaintiff,** | |
| **v.** | **CASE NUMBER:** |
| **AMERIFIRST BANK, DEFENDANTS "A," "B," "C," and "D," the person, firm, or entity responsible for maintaining the ATM upon the occasion made the basis of this suit,** | **2:11-cv-428** |
| **Defendants.** | |

## <u>UNOPPOSED MOTION FOR EXTENSION OF TIME</u>

Defendant AmeriFirst Bank ("AmeriFirst") respectfully moves this Court for a twenty-one day extension of time to file a pleading responsive to Plaintiff's Complaint.[1] In support of this Motion, AmeriFirst shows the Court as follows:

1.     Plaintiff's Complaint asserts statutory claims against AmeriFirst based upon AmeriFirst's alleged failure to provide required disclosures on an automatic teller machine in Prattville, Alabama.

2.     The automatic teller machine that forms the basis of Plaintiff's

---

[1] In bringing this motion, AmeriFirst expressly reserves the right to assert all defenses available to it, including those listed in Federal Rule of Civil Procedure 12(b), in its first responsive pleading.

1

Complaint is owned by AmeriFirst but operated and maintained by Cardtronics USA, Inc. ("Cardtronics").

3.     Under the agreement between AmeriFirst and Cardtronics, Cardtronics is responsible for maintaining the automatic teller machines covered by the agreement in conformance with all applicable statutes and regulations.

4.     Cardtronics has reached out to Plaintiff's counsel to negotiate the substitution of Cardtronics in place of AmeriFirst as defendant in this case.

5.     AmeriFirst and Cardtronics believe that they can resolve the issue of substitution with the Plaintiff by July 26, 2011.

6.     The undersigned has discussed the relief requested herein with Mr. Matthew Alfreds, counsel for Plaintiff.  Mr. Alfreds expressed that he has no objection to AmeriFirst's request for an extension.

WHEREFORE, for the foregoing reasons, AmeriFirst respectfully requests that the Court enter an Order extending AmeriFirst's deadline to file a pleading responsive to Plaintiff's Complaint to Tuesday, July 26, 2011.

[Signature on following page]

{BH084741.1}

Respectfully submitted this <u>30th</u> of June 2011.

/s/ *David A. Lester*
David A. Lester
**JONES, WALKER, WAECHTER, POITEVENT,**
  **CARRÈRE & DENÈGRE, L.L.P.**
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5283
Facsmilie: (205) 244-5483
Email:  dlester@joneswalker.com

***Attorney for Defendant AmeriFirst Bank***

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, on this <u>30th</u> day of June 2011, caused the foregoing Notice of Appearance to be served on the following persons via the Court's CM/ECF electronic filing system:

Mr. Matthew Bruce Alfreds
445 S. Decatur Street
Montgomery, Alabama 36103
Telephone: (334) 264-1498
Facsimile: (334) 264-1468
Email: mbalfreds@bellsouth.net
*Attorney for Plaintiff*

Mr. Eric G. Calhoun
**TRAVIS, CALHOUN & CONLON, P.C.**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
Telephone: (972) 934-4100
Facsimile: (972) 934-4101
Email: eric@travislaw.com
*Attorney for Plaintiff*

/s/ *David A. Lester* _____
Of Counsel

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA


Civil Misc. No 00-3047

## ORDER

### CONFLICT DISCLOSURE STATEMENT

In compliance with Fed. R. App. P. 26.1, Fed. R. Bankr. P. 1007(a)(1) and 7007.1, Fed R. Civ. P. 7.1, and Fed. R. Crim. P. 12.4, and other considerations which require judges to avoid conflicts of interest with unnamed corporations, partnerships, limited liability entities, joint ventures, trust entities, and other entities which may be related to parties to actions in this court, it is

ORDERED that this court's order (Civ. Misc. No. 00-3047) (Doc. # 2) entered February 16, 2007, is hereby VACATED. It is further ORDERED as follows:

1. All parties (including individuals and governmental entities) shall file a statement identifying all parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities that could potentially pose a financial or professional conflict for a judge. The statement shall be filed with a party's first appearance. If there are no reportable relationships, that fact shall be certified in the filing.

2. In addition to this requirement which applies to all cases, all bankruptcy appeals shall be accompanied by a statement identifying the debtor, the members of creditors' committee, any entity which is an active participant in the proceedings, and other entities whose stock or equity value may be substantially affected by the outcome of the proceedings.

3. It is the responsibility of each party to a case to file a supplemental disclosure statement if, during the pendency of the case, additional reportable entities develop that would have been reportable initially.

4.  This rule shall become effective on the date of filing, and shall apply to all cases pending in this court after that date.

DONE this <u>12</u><sup>th</sup> day of <u>June</u>, 2007

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

**\*\*SAMPLE NOTICE FORMAT\*\***

**Note:** When E-Filing this pleading, please enter a separate docket entry.  The event entry is located on CM/ECF by clicking: **CIVIL > OTHER DOCUMENTS > CORPORATE DISCLOSURE STATEMENT**
A **screen-fillable** Adobe Acrobat PDF form, which can be saved and E-Filed, is available on-line; it is available at http://www.almd.uscourts.gov/docs/CONFLICT_DISCLOSURE_STATEMENT_FILLABLE.pdf

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

_____,     )
                                       )
    Plaintiff,                      )
                                       )
v.                                     )     CASE NO. _____
                                       )
_____,     )
                                       )
    Defendants,                     )

**CONFLICT DISCLOSURE STATEMENT**

      COMES NOW _____, a [Plaintiff/Defendant] in the above-captioned matter, and in accordance with the order of this Court, making the following disclosure concerning parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the provisions of the Middle District of Alabama's General Order No. 3047:

☐    This party is an individual, or

☐    This party is a governmental entity, or

☐    There are no entities to be reported, or

☐    The following entities and their relationship to the party are hereby reported:

Reportable Entity                  Relationship to Party

_____    _____

_____    _____

_____    _____

_____    _____

_____
Date

Signature _____
Counsel
_____
Counsel for (print names of all parties)
_____
Address, City, State Zip Code
_____
Telephone Number

Also requires a certificate of Service

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

July 1, 2011

# NOTICE OF DEFICIENCY
# REGARDING CORPORATE/
# CONFLICT STATEMENT

**To:** **AmeriFirst Bank**

**From:** **Clerk's Office**

**Case Style: Norris v. AmeriFirst Bank**

**Case Number:  2:11-cv-00428-SRW**

**Notice is hereby given that pursuant to the Federal Rules of Civil Procedure 7.1, and this Court's General Order Miscellaneous Case No. 00-3047 parties are required to file their Corporate/Conflict Disclosure Statement at their initial appearance.**

**No corporate/conflict disclosure statement has been filed by you in this action.**

**This deficiency must be corrected within ten (10) days from this date.  Please refer to attachment.**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**CYNTHIA LOUISE NORRIS,**
**individually and on behalf of all other**
**similarly situated,**

      **Plaintiff,**

**v.**

**AMERIFIRST BANK,**
**DEFENDANTS "A," "B," "C," and**
**"D," the person, firm, or entity**
**responsible for maintaining the ATM**
**upon the occasion made the basis of**
**this suit,**

      **Defendants.**

**CASE NUMBER:**

**2:11-cv-00428-SRW**

## CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rule of Civil Procedure 7.1 and L.R. 7.1, Defendant AmeriFirst Bank ("AmeriFirst") discloses that it is a privately held corporation organized and existing under the laws of the State of Alabama with its principal place of business located in Union Springs, Alabama. AmeriFirst is a wholly owned subsidiary of USAL Bancorp, Inc. and has no subsidiaries or affiliates.

USAL Bancorp, Inc. is a privately held corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Union Springs, Alabama. USAL Bancorp, Inc. has no parent corporations and

1

no publicly held corporation owns ten percent (10%) or more of its stock. USAL Bancorp, Inc. has no affiliates and its only subsidiary is AmeriFirst.

Neither AmeriFirst nor USAL Bancorp, Inc. have any other reportable corporate relationships that would pose any risk of financial or professional conflict for any judge presiding over this case.

Respectfully submitted this <u>1st</u> day of July, 2011.

<div style="margin-left:40%">

/s/ *David A. Lester*

David A. Lester

**JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE, L.L.P.**

1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone:   (205) 244-5283
Facsmilie:   (205) 244-5483
Email:       dlester@joneswalker.com

*Attorney for Defendant AmeriFirst Bank*

</div>

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, on this <u>1st</u> day of July 2011, caused the foregoing Notice of Appearance to be served on the following persons via the Court's CM/ECF electronic filing system:

> Mr. Matthew Bruce Alfreds
> 445 S. Decatur Street
> Montgomery, Alabama 36103
> Telephone: (334) 264-1498
> Facsimile: (334) 264-1468
> Email: mbalfreds@bellsouth.net
> *Attorney for Plaintiff*
>
> Mr. Eric G. Calhoun
> **TRAVIS, CALHOUN & CONLON, P.C.**
> 1000 Providence Towers East
> 5001 Spring Valley Road
> Dallas, Texas 75244
> Telephone: (972) 934-4100
> Facsimile: (972) 934-4101
> Email: eric@travislaw.com
> *Attorney for Plaintiff*
>
> /s/ *David A. Lester*
> Of Counsel

{BH084943.1}

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **CYNTHIA LOUISE NORRIS,** individually and on behalf of all other similarly situated,<br><br>    **Plaintiff,**<br><br>v.<br><br>**AMERIFIRST BANK, DEFENDANTS "A," "B," "C," and "D," the person, firm, or entity responsible for maintaining the ATM upon the occasion made the basis of this suit,**<br><br>    **Defendants.** | **CASE NUMBER:**<br><br>**2:11-cv-428** |

## ANSWER

Pursuant to Federal Rule of Civil Procedure 12, Defendant AmeriFirst Bank ("AmeriFirst") responds to the specifically enumerated allegations set forth in Plaintiff's Complaint as follows:

### RESPONDING TO THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "I. PRELIMINARY STATEMENT"

1.    AmeriFirst admits that Plaintiff's Complaint purports to assert claims based upon the Electronic Funds Transfer Act ("EFTA") and the regulations promulgated thereunder.  AmeriFirst is without sufficient knowledge or

1

information to form a belief as to the remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2.      Paragraph 2 of Plaintiff's Complaint purports to contain conclusions of law to which no response is required.  To the extent a response is required, AmeriFirst admits that the EFTA imposes fee disclosure requirements on the operators of automated teller machines ("ATM").  AmeriFirst lacks sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint and, therefore, denies the same.

3.      Paragraph 3 of Plaintiff's Complaint purports to contain the Congressional findings and declaration of purpose relating to the EFTA.  The Congressional findings and declaration of purpose are public records and those records are the best evidence of their content.  To the extent that Paragraph 3 of Plaintiff's Complaint contains allegations to which AmeriFirst is required to respond, AmeriFirst denies those allegations.

4.      Paragraph 4 of Plaintiff's Complaint purports to contain conclusions of law to which no response is required.  15 U.S.C. § 1693b(d)(3) is a public record and that record is the best evidence of its content.  To the extent that Paragraph 4 of Plaintiff's Complaint contains allegations to which AmeriFirst is required to respond, AmeriFirst denies those allegations.

2

5.      AmeriFirst admits that Plaintiff's Complaint purports to assert claims based upon the EFTA and the regulations promulgated thereunder.  AmeriFirst denies the remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6.      AmeriFirst admits that Plaintiff's Complaint purports to assert claims based upon the EFTA and the regulations promulgated thereunder.  AmeriFirst denies that Plaintiff is entitled to the relief sought in her Complaint.  AmeriFirst denies that this case presents a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue. Moreover, Plaintiff cannot establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.  AmeriFirst denies the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

**RESPONDING TO THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "II. PARTIES"**

7.      AmeriFirst lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8.      AmeriFirst admits the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

3

9.     AmeriFirst responds that Cardtronics USA, Inc. ("Cardtronics") is the entity responsible for maintaining the ATM at issue in this case. AmeriFirst lacks sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

## RESPONDING TO THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "III. JURISDICTION AND VENUE"

10.     AmeriFirst admits that this Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 and that Plaintiff's claims purport to arise under the EFTA. AmeriFirst denies the remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.     AmeriFirst admits that venue in this judicial district is proper in this Court pursuant to 28 U.S.C. § 1391. AmeriFirst denies the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint.

## RESPONDING TO THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "IV. BACKGROUND"

12.     Paragraph 12 of Plaintiff's Complaint purports to contain conclusions of law to which no response is required. 15 U.S.C. § 1693b(6) is a public record and that record is the best evidence of its content. To the extent that Paragraph 12 of Plaintiff's Complaint contains allegations to which AmeriFirst is required to respond, AmeriFirst denies those allegations.

4

13.     AmeriFirst denies that it is an "automated teller machine operator" for purposes of Plaintiff's Complaint.   The remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint purport to contain conclusions of law to which no response is required.  12 C.F.R. § 205.16(a) is a public record and that record is the best evidence of its content.  To the extent that the remainder of Paragraph 13 of Plaintiff's Complaint contains allegations to which AmeriFirst is required to respond, AmeriFirst denies those allegations.

14.     Paragraph 14 of Plaintiff's Complaint purports to contain conclusions of law to which no response is required.  15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16 are public records and those records are the best evidence of their content. To the extent that Paragraph 14 of Plaintiff's Complaint contains allegations to which AmeriFirst is required to respond, AmeriFirst denies those allegations.

15.     Paragraph 15 of Plaintiff's Complaint purports to contain conclusions of law to which no response is required.   15 U.S.C. § 1693b(d)(3)(B) and 12 C.F.R. § 205.16(c) are public records and those records are the best evidence of their content.  To the extent that Paragraph 15 of Plaintiff's Complaint contains allegations to which AmeriFirst is required to respond, AmeriFirst denies those allegations.

{BH085799.1}

16.     Paragraph 16 of Plaintiff's Complaint purports to contain conclusions of law to which no response is required.  12 C.F.R. § 205.16(c) is a public record and that record is the best evidence of its content.  To the extent that Paragraph 16 of Plaintiff's Complaint contains allegations to which AmeriFirst is required to respond, AmeriFirst denies those allegations.

17.     Paragraph 17 of Plaintiff's Complaint purports to contain conclusions of law to which no response is required.  15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e) are public records and those records are the best evidence of their content.  To the extent that Paragraph 17 of Plaintiff's Complaint contains allegations to which AmeriFirst is required to respond, AmeriFirst denies those allegations.

18.     Paragraph 18 of Plaintiff's Complaint purports to quote language from a staff interpretation relating to the EFTA which was published by the Federal Reserve in 2006.  This document is a public record and that record is the best evidence of its content.  To the extent that Paragraph 18 of Plaintiff's Complaint contains allegations directed toward AmeriFirst, AmeriFirst denies those allegations.

19.     Paragraph 19 of Plaintiff's Complaint purports to contain conclusions of law to which no response is required.  To the extent that Paragraph 19 of

6

Plaintiff's Complaint contains allegations directed toward AmeriFirst, AmeriFirst denies those allegations.

20.     Paragraph 20 of Plaintiff's Complaint purports to contain conclusions of law from a district court in Illinois.  Such conclusions of law are not binding upon this Court.  To the extent that Paragraph 20 of Plaintiff's Complaint contains allegations directed toward AmeriFirst, AmeriFirst denies those allegations.

21.     AmeriFirst denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.     AmeriFirst denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23.     AmeriFirst denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint as stated.  AmeriFirst owns the ATM at issue in this case but does not operate it.

24.     AmeriFirst admits the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.     AmeriFirst denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint as stated.  The ATM at issue in this case does not impose fees on all consumers who withdraw cash from the ATM.

7

26.    AmeriFirst denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27.    AmeriFirst denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28.    AmeriFirst denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.    AmeriFirst denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30.    AmeriFirst lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 30 of Plaintiff's Complaint and, therefore, denies the same.

31.    AmeriFirst lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 31 of Plaintiff's Complaint and, therefore, denies the same.

32.    AmeriFirst lacks sufficient knowledge or information to form a belief as to whether the ATM at issue in this case had the fee disclosure signs affixed to it at the time Plaintiff used the ATM.  AmeriFirst can respond, however, that the ATM provides notice that the consumer will incur a fee and the amount of the fee

8

through a screen that consumers must click-through before finalizing their transaction. No transaction is completed and no fee is charged unless and until a consumer affirmatively acknowledges and accepts the transaction fee. AmeriFirst denies the remaining allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33.      AmeriFirst lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 33 of Plaintiff's Complaint and, therefore, denies the same.

## RESPONDING TO THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "V. CLASS ALLEGATIONS"

34.      AmeriFirst admits that Plaintiff seeks to assert claims on behalf of herself and all other similarly situated persons pursuant to Federal Rule of Civil Procedure 23. AmeriFirst denies, however, that this case presents a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue. Moreover, Plaintiff cannot establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee. AmeriFirst denies the remaining allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.      AmeriFirst admits that Plaintiff seeks to assert claims on behalf of herself and all other similarly situated persons described in Paragraph 35.

AmeriFirst denies, however, that this case presents a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue.  Moreover, Plaintiff cannot establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.  AmeriFirst denies the remaining allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36.    Paragraph 36 of Plaintiff's Complaint purports to characterize the manner in which Congress intended for the EFTA to be enforced and cites to 15 U.S.C. § 1964m(a).  15 U.S.C. § 1964m(a) is a public record and that record is the best evidence of its content.  To the extent that Paragraph 36 of Plaintiff's Complaint contains allegations to which AmeriFirst is required to respond, AmeriFirst denies those allegations.

37.    AmeriFirst denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.  AmeriFirst further responds that there are no "members of the Class" because this case does not present a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue. Moreover, Plaintiff cannot establish with any degree of certainty whether any

10

potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.

38.     AmeriFirst admits that it has exclusive control of its records. AmeriFirst denies the remaining allegations set forth in Paragraph 38 of Plaintiff's Complaint.  AmeriFirst further responds that there are no "members of the Class" because this case does not present a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue. Moreover, Plaintiff cannot establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.

39.     AmeriFirst denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.  AmeriFirst further responds that there are no "Members of the Class" because this case does not present a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue. Moreover, Plaintiff cannot establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.

11

40.     AmeriFirst admits that it can produce records from its ATMs showing each transaction in which a fee was charged and that such records would include the date of the transaction, the amount of the fee, the personal account number for the consumer, and the bank identification number.  AmeriFirst denies, however, that such information may be used to identify alleged "class members" because such records will not establish whether the transaction took place during a time period during which a decal may have been missing from the ATM at issue in this case.  Moreover, such records will not establish whether potential "class members" had knowledge prior to completing their transaction that the ATM would charge them a fee.  AmeriFirst denies the remaining allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41.     AmeriFirst denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42.     AmeriFirst denies that Plaintiff's claims are typical of the claims of the "members of the Class" because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue.  Moreover, Plaintiff cannot establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.

12

43.     AmeriFirst lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 43 of Plaintiff's Complaint and, therefore, denies the same.    AmeriFirst further responds that there are no "members of the Class" because this case does not present a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue.  Moreover, Plaintiff cannot establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.

44.     AmeriFirst denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint. AmeriFirst further responds that the ATM provides notice that the consumer will incur a fee and the amount of the fee through a screen that consumers must click-through before finalizing their transaction.  No transaction is completed and no fee is charged unless and until a consumer affirmatively acknowledges and accepts the transaction fee.  Moreover, there are no "members of the Class" because this case does not present a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue.  Plaintiff can, likewise, not establish with any degree of certainty

13

whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.

45.     AmeriFirst denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint. AmeriFirst further responds that the ATM provides notice that the consumer will incur a fee and the amount of the fee through a screen that consumers must click-through before finalizing their transaction.  No transaction is completed and no fee is charged unless and until a consumer affirmatively acknowledges and accepts the transaction fee.  Moreover, there are no "members of the Class" because this case does not present a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue.  Plaintiff can, likewise, not establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.

46.     AmeriFirst lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 46 of Plaintiff's Complaint and, therefore, denies the same.   AmeriFirst further responds that there are no "members of the Class" because this case does not present a situation in which class certification would be proper because Plaintiff cannot establish with any

14

degree of certainty the time period during which a decal may have been missing from the ATM at issue. Moreover, Plaintiff cannot establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee. AmeriFirst further states that Cardtronics was the operator of the ATM at issue in this case.

47. AmeriFirst lacks sufficient knowledge to determine whether Plaintiff can and will vigorously represent and protect the interests of the individuals that she contends comprise "members of the Class." AmeriFirst further responds that there are no "Members of the Class" because this case does not present a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue. Moreover, Plaintiff cannot establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee. AmeriFirst denies the remaining allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. AmeriFirst lacks sufficient knowledge to determine whether Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the individuals that Plaintiff contends comprise "members of the Class." AmeriFirst further responds that there are no "Members of the Class" because this case does

15

not present a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue. Moreover, Plaintiff cannot establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.

49. AmeriFirst denies the allegations set forth in Paragraph 49 of the Complaint. AmeriFirst further denies that this case presents a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue. Moreover, Plaintiff cannot establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.

50. AmeriFirst denies the allegations set forth in Paragraph 50 of the Complaint. AmeriFirst further denies that this case presents a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue. Moreover, Plaintiff cannot establish with any degree of

16

certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.

### RESPONDING TO THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "VI. CLAIMS"

51.     AmeriFirst incorporates by reference the previous paragraphs of its Answer as if fully set forth herein.

52.     AmeriFirst admits that Plaintiff's Complaint purports to assert claims on behalf of herself and alleged class members based upon alleged violations of the EFTA and the regulations promulgated thereunder.  AmeriFirst denies that this case presents a situation in which class certification would be proper because Plaintiff cannot establish with any degree of certainty the time period during which a decal may have been missing from the ATM at issue.  Moreover, Plaintiff cannot establish with any degree of certainty whether any potential class members had knowledge prior to completing their transaction that the ATM would charge them a fee.  AmeriFirst denies the remaining allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53.     AmeriFirst denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

17

54.     Paragraph 54 of Plaintiff's Complaint purports to contain conclusions of law to which no response is required.   15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e) are public records and those records are the best evidence of their content.   To the extent that Paragraph 54 of Plaintiff's Complaint contains allegations to which AmeriFirst is required to respond, AmeriFirst denies those allegations.

55.     AmeriFirst denies the allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56.     AmeriFirst denies the allegations set forth in Paragraph 56 of Plaintiff's Complaint.

57.     AmeriFirst denies the allegations set forth in Paragraph 57 of Plaintiff's Complaint.

58.     AmeriFirst denies the allegations set forth in Paragraph 58 of Plaintiff's Complaint.

### RESPONDING TO THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "REQUEST FOR RELIEF"

AmeriFirst denies each and every allegation set forth in Plaintiff's Complaint that is not expressly admitted herein.   AmeriFirst further denies that Plaintiff is entitled to any relief whatsoever from AmeriFirst.

{BH085799.1}

## ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 12(b), AmeriFirst raises the following additional defenses:

### First Additional Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Additional Defense

AmeriFirst has no liability to Plaintiff pursuant to 15 U.S.C. § 1693(h) because, prior to Plaintiff's use of the ATM at issue in this case, the appropriate notice had been posted on the ATM. The notice was subsequently removed by the intervening acts of a third party over whom AmeriFirst has no control. *See* 15 U.S.C. § 1963h(d).

### Third Additional Defense

Plaintiff, as a result of her own conduct, has waived any right to recovery.

### Fourth Additional Defense

Plaintiff, as a result of her own conduct, is estopped from prevailing on her claims.

### Fifth Additional Defense

Plaintiff, as a result of her own conduct, is barred by the doctrine of unclean hands from prevailing on her claims.

19

## Sixth Additional Defense

Plaintiff's contributory negligence bars her from prevailing on her claims.

## Seventh Additional Defense

The negligence or wantonness of individuals or entities other than AmeriFirst proximately caused, or contributed to, Plaintiff's damages, to the extent that any damages actually exist.

## Eighth Additional Defense

If Plaintiff should recover any damages from AmeriFirst, AmeriFirst is entitled to have such damages reduced or eliminated by a setoff to the extent that the third parties caused or contributed to such damages.

## Ninth Additional Defense

AmeriFirst has, at all times, acted in good faith and with reasonable procedures in place to fully comply with its obligations, if any, under the EFTA and regulations promulgated thereunder.

## Tenth Additional Defense

Plaintiff is not entitled to recover because she has suffered no damages.

## Eleventh Additional Defense

If the required notice was not on the ATM at issue in this case, this violation was not intentional and resulted from a *bona fide* error notwithstanding AmeriFirst's maintenance of procedures reasonably adapted to avoid such error.

20

*See* 15 U.S.C. § 1693m(c).

## Twelfth Additional Defense

Plaintiff lacks standing to bring the claims asserted in this lawsuit.

## Thirteenth Additional Defense

Plaintiff's claims are barred, in whole or in part, by the absence of a causal connection between the alleged absent notice and her decision to use the ATM at issue.

## Fourteenth Additional Defense

Plaintiff's claims are barred, in whole or in part, by her lack of actual or detrimental reliance on the alleged absent notice.

## Fifteenth Additional Defense

Plaintiff's claims are barred, in whole or in part, by her knowing and voluntary actions which are inconsistent with her current claims. Specifically, the ATM at issue in this case provides notice that the consumer will incur a fee and the amount of the fee through a screen that consumers must click-through before finalizing their transaction. No transaction is completed and no fee is charged unless and until a consumer affirmatively acknowledges and accepts the transaction fee.

## **Sixteenth Additional Defense**

Plaintiff's claim for statutory penalties in the absence of a recovery of actual damages would violate federal constitutional guarantees of due process, including the requirement that there be a constitutionally reasonable ratio between punitive and actual damages.

## **Seventeenth Additional Defense**

Plaintiff's claims must be dismissed as a result of her failure to join an indispensable party.

## **Eighteenth Additional Defense**

AmeriFirst is not an "automated teller machine operator" as that term is defined by the EFTA and the regulations promulgated thereunder. Therefore, Plaintiff has no statutory causes of action against AmeriFirst.

## **Nineteenth Additional Defense**

AmeriFirst reserves the right to raise additional defenses as those defenses become known to it.

[Signature on following page]

22

Respectfully submitted this <u>8th</u> of July 2011.

/s/ *David A. Lester*
David A. Lester
**JONES, WALKER, WAECHTER, POITEVENT,**
       **CARRÈRE & DENÈGRE, L.L.P.**
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone:  (205) 244-5283
Facsmilie:  (205) 244-5483
Email:       dlester@joneswalker.com

*Attorney for Defendant AmeriFirst Bank*

{BH085799.1}

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, on this 8th day of July 2011, caused the foregoing to be served on the following persons via the Court's CM/ECF electronic filing system:

Mr. Matthew Bruce Alfreds
445 S. Decatur Street
Montgomery, Alabama 36103
Telephone:  (334) 264-1498
Facsimile:   (334) 264-1468
Email:  mbalfreds@bellsouth.net
*Attorney for Plaintiff*

Mr. Eric G. Calhoun
Travis, Calhoun & Conlon, P.C.
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
Telephone:  (972) 934-4100
Facsimile:   (972) 934-4101
Email:  eric@travislaw.com
*Attorney for Plaintiff*

/s/ *David A. Lester*
Of Counsel

{BH085799.1}

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

---

**Cynthia Louise Norris**, individually and on behalf of
all others similarly situated,

     Plaintiff,

vs.

                                     Civil Action No.:2:11-CV-00428-SRW
                                     **CLASS ACTION**


**AmeriFirst Bank**,
Defendants **"A," "B," "C," and "D"**, the person
firm or entity responsible for maintaining the ATM
upon the occasion made the basis of this suit,

     Defendants.

---

## FIRST AMENDED COMPLAINT

---

Plaintiff, Cynthia Louise Norris, individually, and on behalf of all others similarly situated ("Plaintiff"), alleges upon knowledge with respect to herself and upon information and belief based, in part, on the investigation of counsel, as follows:

## I.      PRELIMINARY STATEMENT

1.    Plaintiff brings this action, individually and on behalf of all others similarly situated, against Defendant alleging violations of 15 U.S.C. § 1693 *et seq.*, which is commonly known as the Electronic Fund Transfer Act and 12 C.F.R. § 205 *et seq.*, commonly known as Regulation E, which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as the "EFTA").

2. The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services. The primary objective of the EFTA and Regulation E is the protection of consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1(b). The EFTA requires specific disclosures be given by operators of automated teller machines ("ATMs") to users of ATMs, prior to the imposition of a fee for using an ATM. 15 U.S.C. § 1693b.

3. The Congressional findings and declaration of purpose regarding the EFTA provides:

(a) Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers. However, due to unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

(b) Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights

4. The EFTA specifically requires that ATM machines must have a posted notice attached on or at the machine informing consumers of the imposition of an ATM surcharge. 15 U.S.C. § 1693b(d)(3).

5. This case is brought under the EFTA based upon the fact that Defendant has imposed ATM fees without providing any posted notice as required by the EFTA.

6. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant based on Defendant's violation of the EFTA. Plaintiff seeks, on behalf of herself and the proposed class, statutory damages, costs and attorney's fees, all of which are

2

expressly made available by statute, 15 U.S.C. § 1693m.  Plaintiff does not seek actual damages. Plaintiff also seeks a permanent injunction enjoining Defendant from continuing its unlawful practice of negligently, willfully, or knowingly violating the provisions of the EFTA which prohibit the improper imposition of ATM fees.

## II.       PARTIES

7.       Plaintiff is a natural person who resides in Montgomery County, Alabama and used certain ATM owned and operated by AmeriFirst Bank and located at 1799 Highway 14 East; Prattville, AL 36067 (hereinafter, the "AmeriFirst ATM"), within one year of the filing of this Complaint, and was charged an ATM surcharge fee at the ATM described in this Complaint.

8.       Defendant AmeriFirst Bank ("AmeriFirst") is a Alabama corporation authorized and doing business in Alabama.

9.       Plaintiff does not know the true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants sued in this action as "A," "B," "C," and "D," inclusive, and accordingly, Plaintiff sues such Defendants by such fictitious names. Plaintiff is informed and believes, and based on such information and belief alleges, that each defendant is in some way responsible for the wrongful conduct as alleged below.  Plaintiff requests leave that when the true names and capacities of such defendants are ascertained, they may be inserted here with the appropriate allegations.

## III.      JURISDICTION AND VENUE

10.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*

11.     Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## IV.  BACKGROUND

A.     Electronic Funds Transfer Act

12.     "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes . . . automated teller machine transactions . . . ."  15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

13.     Defendant is an "automated teller machine operator" as that term is defined by 12 C.F.R. § 205.16(a), which states:  "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

14.     15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. § 205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the fee before the consumer is committed to the transaction. Specifically, 12 C.F.R. § 205.16(b) states:

> *General.*  An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
> (1)     Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

4

(2)     Disclose the amount of the fee.

15.     15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. §

205.16(c), specifies the notice to be provided to consumers.  12 C.F.R. § 205.16(c) states:

(c)     *Notice requirement.*  To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1)     *On the machine.*  Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2)     *Screen or paper notice.*  Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

16.     Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

17.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a notice is required *unless* the consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c).  Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

(C) **Prohibition on fees not properly disclosed and explicitly assumed by consumer.**  No fee may be imposed by any automated

teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R. § 205.16(e) provides that:

(e) *Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1) The consumer is provided the notices required under paragraph (c) of this section, and

(2) The consumer elects to continue the transaction or inquiry after receiving such notices.

18.    In connection with 2006 amendments to the EFTA, the Board of Governors of the Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*, explained the EFTA's disclosure requirements as follows:

The final rule clarifies the **two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct.** Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee….

71 F.R. 1638, 1656 (emphasis added).

19.    Thus, the statute and regulation require that a physical notice must be displayed informing consumers that the ATM imposes a surcharge and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

20.    The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements.  *See Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19, 2006).  A plaintiff seeking statutory damages under the EFTA need not prove that he or she sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into a transaction.  *Burns*, 2006 WL 3754820, *6 ("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

21.    The notice referenced in 15 U.S.C. § 1693f has no arguable applicability to Plaintiff's claims because, among other things, Plaintiff is not an account holder of Defendant.

## B.    Defendant's Conduct

22.    Defendant is an ATM operator regulated under the EFTA, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

23.    Defendant owns and operates the AmeriFirst ATM located at 1799 Highway 14 East; Prattville, AL 36067.

24.    The AmeriFirst ATM permits consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

25.    The AmeriFirst ATM imposes a fee on consumers who withdraw cash from the AmeriFirst ATM.

26.    Defendant failed to post on or at the AmeriFirst ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendant's improper imposition of a fee to users of the AmeriFirst ATM.

27.     Defendant's failure to post the required notice on or at the AmeriFirst ATM has resulted in frequent and persistent non-compliance with the EFTA.  Said violations of the EFTA have adversely affected hundreds or thousands of consumers.

28.     Despite knowing of the ATM fee notice provisions of the EFTA, Defendant has intentionally violated and continues to violate the EFTA by failing to post the required ATM fee notice at the AmeriFirst ATM and improperly imposing ATM fees.

29.     Defendant's non-compliance with the ATM fee notice requirements of the EFTA, and subsequent imposition of a fee, did not result from a bona fide error.

C.     Plaintiff's Electronic Funds Transfers With Defendant

30.     Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

31.     In September of 2010, Plaintiff used the AmeriFirst ATM described in this Complaint in order to conduct an electronic funds transfer involving the withdrawal of cash.

32.     The AmeriFirst ATM did not and does not have the fee notice required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16 as it did not have any sign affixed to it or in close proximity to it informing consumers that use of the AmeriFirst ATM will or may result in an ATM surcharge.

33.     Plaintiff was in fact assessed a $3.00 ATM surcharge fee for withdrawing cash from the AmeriFirst ATM described in this Complaint.

**V.     CLASS ALLEGATIONS**

34.     Plaintiff brings this class action on behalf of herself and all other similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35.     Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the AmeriFirst ATM described in ¶

7 and (c) were assessed a fee for withdrawing cash from the AmeriFirst ATM described in ¶ 7, (d) on or after the date one year prior to the filing of this action and continuing through the trial of this cause or until the Defendant is compliant with the ETFA by posting the appropriate notice. (the "Class").

36. Congress expressly intended that the EFTA would be enforced, in part, through private class actions. 15 U.S.C. § 1693m(a).

37. Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the Class.

38. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records. Defendant has exclusive control of this information.

39. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

40. Defendant can generate data for its ATMs identifying each transaction in which a fee was charged. The data will include the date of the transaction, the amount of the fee and the personal account number ("PAN") for the consumer. The PAN includes a bank identification number ("BIN"). This information can be used to identify class members.

41. The Class is sufficiently numerous to make bringing all parties before the Court impractical.

42. Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise

from the same unlawful conduct. Plaintiff and Class members seek recovery of statutory, not actual, damages.

43. Plaintiff and members of the Class were each users of the AmeriFirst ATM since the date one year prior to the filing of this action.

44. Plaintiff and each member of the Class were illegally charged an ATM fee as a result of Defendant's failure to comply with the ATM fee notice requirements of the EFTA.

45. Plaintiff and each class member received an inadequate notice regarding the imposition of an ATM fee by the AmeriFirst ATM.

46. The questions of law and fact common to the Class predominate over questions which may affect individual members, including:

(a) Whether Defendant was at all relevant times during the class period an automated teller machine operator which imposed a fee on consumers for providing host transfer services to those consumers;

(b) Whether Defendant is the operator of the AmeriFirst ATM;

(c) Whether Defendant complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and

(d) Whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendant's acts and conduct.

47. Plaintiff can and will adequately and vigorously represent and protect the interests of the members of the Class. Plaintiff has no interests antagonistic to the members of the Class. Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation.

48. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class.

49.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class.  While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class.  The likelihood of the individual members of the Class prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

50.     Defendant has acted on grounds generally applicable to the members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## VI.     CLAIMS

**A.      Count 1:  Violation of 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. 205 *et seq.***

51.     Plaintiff incorporates and re-alleges the above numbered paragraphs by reference.

52.     Plaintiff asserts this claim on behalf of herself and the Class against Defendant.

53.     Defendant failed to provide notices to the Plaintiff and the Class as required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

54.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e) prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice of the fee is posted in a prominent and conspicuous location on or at the ATM.

55.     Defendant imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

56.     As a result of Defendant's violations of the EFTA, Defendant is liable to Plaintiff and the class for statutory damages pursuant to 15 U.S.C. § 1693m.

57.     As a result of Defendant's violations of the EFTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorney's fees.

58.     Defendant's conduct is continuing, and, unless restrained, Defendant will continue to engage in violations of the EFTA.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Class, prays for:

A.      An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B.      An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1693m;

C.      Payment of costs of suit herein incurred pursuant to 15 U.S.C. § 1693m(a)(3);

D.      Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3);

E.      A permanent injunction enjoining Defendant from engaging in conduct in violation of the EFTA; and

F.      For other and further relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable in this action.

_/s/ Eric G. Calhoun_____
Eric G. Calhoun, Esq.
**TRAVIS, CALHOUN & CONLON, P.C.**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
(972) 934-4100 – telephone
(972) 934-4101 – facsimile
e-mail: eric@travislaw.com

OF COUNSEL:

Matthew Bruce Alfreds (ALF011)
445 S. Decatur Street
Montgomery, AL 36103
Tel: 334-264-1498
Fax: 334-264-1468
e-mail: mbalfreds@bellsouth.net

*Attorneys for Plaintiff and Proposed Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been properly served via the Court's CM/EFC system on this the 27th day of <u>July</u>, 2011, on the following individuals:

**David A. Lester, via. CM/ECF**

S/ Eric G. Calhoun
Eric G. Calhoun

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

---

**Cynthia Louise Norris**, individually and on behalf of
all others similarly situated,

      Plaintiff,

vs.                                   Civil Action No.:2:11-CV-00428-SRW
                                   **CLASS ACTION**

**AmeriFirst Bank**,
Defendants **"A," "B," "C," and "D"**, the person
firm or entity responsible for maintaining the ATM
upon the occasion made the basis of this suit,

      Defendants.

---

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

---

      Comes now Plaintiff, pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1, and files this Motion for Leave to File Amended Complaint.  In support of this motion, Plaintiff states as follows:

      Plaintiff has been informed the original complaint, as filed, contains a clerical error.  The address of the ATM in question was incorrectly designated "1799 McQueen Smith Road; Prattville, Alabama" when, in fact, it should have been "1799 Highway 14 East; Prattville, Alabama."  Accordingly, Plaintiff moves the Court for leave to allow her to file an Amended Complaint which is virtually identical to the original Complaint, except that the address of the ATM in question has been changed in order to correct the above-said error.

Pursuant to Local Rule 15.1 an original of the Amended Complaint is attached as Exhibit

"A."  Further, a Memorandum of Law is submitted in support of Plaintiff's motion.


  /s/ Eric G. Calhoun
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas  75244
(972) 934-4100 – telephone
(972) 934-4101 – facsimile
e-mail:  eric@travislaw.com




**OF COUNSEL:**

Matthew Bruce Alfreds (ALF011)
445 S. Decatur Street
Montgomery, AL 36103
Tel:  334-264-1498
Fax:  334-264-1468
e-mail:  mbalfreds@bellsouth.net


*Attorneys for Plaintiff and Proposed Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading has been properly served via the Court's CM/EFC system on this the 27th day of <u>July</u>, 2011, on the following individuals:

**David A. Lester, via. CM/ECF**

S/ Eric G. Calhoun

Eric G. Calhoun

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

---

**Cynthia Louise Norris**, individually and on behalf of
all others similarly situated,

      Plaintiff,

vs.                                                    Civil Action No.:2:11-CV-00428-SRW
                                                       **CLASS ACTION**



**AmeriFirst Bank**,
Defendants **"A," "B," "C," and "D"**, the person
firm or entity responsible for maintaining the ATM
upon the occasion made the basis of this suit,

      Defendants.

---

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

---

      Comes now Plaintiff, Cynthia Louise Norris, by and through undersigned counsel, and files a Memorandum in support of Plaintiff's Motion for Leave to File Amended Complaint.

### **<u>FACTS</u>**

      Plaintiff, Cynthia Louise Norris, originally filed her Complaint against the Defendant AmeriFirst Bank on June 6, 2011. On July 8, 2011 Defendant Amerifirst filed its Answer to the Complaint [D.E. #9]. At or about the same time, Counsel for AmeriFirst contacted the undersigned and informed them of the clerical error in the complaint.

## LAW

Rule 15 of the Federal Rules of Civil Procedure provides in pertinent part: "The Court should freely give leave when justice so requires."

["A"] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. . . Thus, "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc*., 428 F.3d 1008, 1014 (11th Cir. 2005).

Interpreting the language of Rule 15(a) the Eleventh Circuit has recognized that "[w]here a more carefully drafted complaint might state a claim," plaintiffs must generally be given at least one chance to amend before their complaints are dismissed with prejudice. *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001). This is Plaintiff's first request for leave to amend the Complaint.

**WHEREFORE**, it is respectfully requested that this Court grant Plaintiff's Motion for Leave to File Amended Complaint.

Respectfully submitted,


_s/ Eric G. Calhoun_____
Eric G. Calhoun, Esq.
**TRAVIS, CALHOUN & CONLON, P.C.**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
(972) 934-4100 – telephone
(972) 934-4101 – facsimile
e-mail: eric@travislaw.com

**OF COUNSEL:**

Matthew Bruce Alfreds (ALF011)
445 S. Decatur Street
Montgomery, AL 36103
Tel:  334-264-1498
Fax:  334-264-1468
e-mail:  mbalfreds@bellsouth.net

*Attorneys for Plaintiff and Proposed Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been properly served via the Court's CM/EFC system on this the 27th day of <u>July</u>, 2011, on the following individuals:

**David A. Lester, via. CM/ECF**

<u>S/ Eric G. Calhoun</u>
Eric G. Calhoun

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

**CYNTHIA LOUISE NORRIS,**
**individually and on behalf of all other**
**similarly situated,**

     **Plaintiff,**

**v.**

**AMERIFIRST BANK,**
**DEFENDANTS "A," "B," "C," and**
**"D," the person, firm, or entity**
**responsible for maintaining the ATM**
**upon the occasion made the basis of**
**this suit,**

     **Defendants.**

**CASE NUMBER:**

**2:11-cv-428**

## AMERIFIRST BANK'S RESPONSE TO PLAINTIFF'S
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant AmeriFirst Bank ("AmeriFirst") has no objection to Plaintiff's Motion for Leave to File an Amended Complaint to correct the address of the automated teller machine that she contends gives rise to her claims. AmeriFirst expressly reserves its right to object to any other amendments to Plaintiff's Complaint.

[Signature on following page]

1

Respectfully submitted this 28th day of July, 2011.

/s/ *David A. Lester*
David A. Lester
**JONES, WALKER, WAECHTER, POITEVENT,
     CARRÈRE & DENÈGRE, L.L.P.**
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone:  (205) 244-5283
Facsmilie:  (205) 244-5483
Email:       dlester@joneswalker.com

*Attorney for Defendant AmeriFirst Bank*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, on this <u>28th</u> day of July 2011, caused the foregoing to be served on the following persons via the Court's CM/ECF electronic filing system:

> Mr. Matthew Bruce Alfreds
> 445 S. Decatur Street
> Montgomery, Alabama 36103
> Telephone:  (334) 264-1498
> Facsimile:   (334) 264-1468
> Email:  mbalfreds@bellsouth.net
> *Attorney for Plaintiff*
>
> Mr. Eric G. Calhoun
> TRAVIS, CALHOUN & CONLON, P.C.
> 1000 Providence Towers East
> 5001 Spring Valley Road
> Dallas, Texas 75244
> Telephone:  (972) 934-4100
> Facsimile:   (972) 934-4101
> Email:  eric@travislaw.com
> *Attorney for Plaintiff*

> /s/ *David A. Lester*
> Of Counsel

3

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CYNTHIA LOUISE NORRIS,                    )
individually and on behalf of all          )
other similarly situated,                   )
                                           )
            Plaintiff,                      )
                                           )
v.                                         )        CIVIL ACTION NO. 2:11cv428-SRW
                                           )
AMERIFIRST BANK, et al.,                   )
                                           )
            Defendants.                    )

## **ORDER**

Upon consideration of defendant's unopposed motion for extension (Doc. # 6), and

for good cause, it is

ORDERED that the motion is DENIED as MOOT.

DONE, this 4th day of August, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

**Cynthia Louise Norris**, individually and on behalf of
all others similarly situated,

      Plaintiff,

vs.                                   Civil Action No.:2:11-CV-00428-SRW
                                         **CLASS ACTION**

**AmeriFirst Bank**,
Defendants **"A," "B," "C," and "D"**, the person
firm or entity responsible for maintaining the ATM
upon the occasion made the basis of this suit,

      Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Comes now Plaintiff, pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1, and files this Motion for Leave to File Amended Complaint. In support of this motion, Plaintiff states as follows:

Plaintiff has been informed the original complaint, as filed, contains a clerical error. The address of the ATM in question was incorrectly designated "1799 McQueen Smith Road; Prattville, Alabama" when, in fact, it should have been "1799 Highway 14 East; Prattville, Alabama." Accordingly, Plaintiff moves the Court for leave to allow her to file an Amended Complaint which is virtually identical to the original Complaint, except that the address of the ATM in question has been changed in order to correct the above-said error.

**MOTION GRANTED**

THIS _8th_ DAY OF _August_ ,20 _11_

_____
**UNITED STATES MAGISTRATE JUDGE**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

---

**Cynthia Louise Norris**, individually and on behalf of
all others similarly situated,

       Plaintiff,

vs.                          Civil Action No.:2:11-CV-00428-SRW
                                   **CLASS ACTION**

**AmeriFirst Bank**,
Defendants **"A," "B," "C," and "D"**, the person
firm or entity responsible for maintaining the ATM
upon the occasion made the basis of this suit,

       Defendants.

---

## FIRST AMENDED COMPLAINT

---

Plaintiff, Cynthia Louise Norris, individually, and on behalf of all others similarly situated ("Plaintiff"), alleges upon knowledge with respect to herself and upon information and belief based, in part, on the investigation of counsel, as follows:

## I.      PRELIMINARY STATEMENT

1.    Plaintiff brings this action, individually and on behalf of all others similarly situated, against Defendant alleging violations of 15 U.S.C. § 1693 *et seq.*, which is commonly known as the Electronic Fund Transfer Act and 12 C.F.R. § 205 *et seq.*, commonly known as Regulation E, which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as the "EFTA").

2.     The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services.  The primary objective of the EFTA and Regulation E is the protection of consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1(b).  The EFTA requires specific disclosures be given by operators of automated teller machines ("ATMs") to users of ATMs, prior to the imposition of a fee for using an ATM. 15 U.S.C. § 1693b.

3.     The Congressional findings and declaration of purpose regarding the EFTA provides:

(a)     Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers.  However, due to unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

(b)     Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.  The primary objective of this subchapter, however, is the provision of individual consumer rights

4.     The EFTA specifically requires that ATM machines must have a posted notice attached on or at the machine informing consumers of the imposition of an ATM surcharge.  15 U.S.C. § 1693b(d)(3).

5.     This case is brought under the EFTA based upon the fact that Defendant has imposed ATM fees without providing any posted notice as required by the EFTA.

6.     Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant based on Defendant's violation of the EFTA.  Plaintiff seeks, on behalf of herself and the proposed class, statutory damages, costs and attorney's fees, all of which are

expressly made available by statute, 15 U.S.C. § 1693m. Plaintiff does not seek actual damages. Plaintiff also seeks a permanent injunction enjoining Defendant from continuing its unlawful practice of negligently, willfully, or knowingly violating the provisions of the EFTA which prohibit the improper imposition of ATM fees.

## II.    PARTIES

7.    Plaintiff is a natural person who resides in Montgomery County, Alabama and used certain ATM owned and operated by AmeriFirst Bank and located at 1799 Highway 14 East; Prattville, AL 36067 (hereinafter, the "AmeriFirst ATM"), within one year of the filing of this Complaint, and was charged an ATM surcharge fee at the ATM described in this Complaint.

8.    Defendant AmeriFirst Bank ("AmeriFirst") is a Alabama corporation authorized and doing business in Alabama.

9.    Plaintiff does not know the true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants sued in this action as "A," "B," "C," and "D," inclusive, and accordingly, Plaintiff sues such Defendants by such fictitious names. Plaintiff is informed and believes, and based on such information and belief alleges, that each defendant is in some way responsible for the wrongful conduct as alleged below. Plaintiff requests leave that when the true names and capacities of such defendants are ascertained, they may be inserted here with the appropriate allegations.

## III.    JURISDICTION AND VENUE

10.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*

11.     Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## IV.  BACKGROUND

### A.     Electronic Funds Transfer Act

12.     "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes . . . automated teller machine transactions . . . ."  15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

13.     Defendant is an "automated teller machine operator" as that term is defined by 12 C.F.R. § 205.16(a), which states:  "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

14.     15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. § 205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the fee before the consumer is committed to the transaction. Specifically, 12 C.F.R. § 205.16(b) states:

> *General.*  An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
> (1)     Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

(2)     Disclose the amount of the fee.

15.     15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c), specifies the notice to be provided to consumers.  12 C.F.R. § 205.16(c) states:

(c)     *Notice requirement.*  To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1)     *On the machine.*  Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2)     *Screen or paper notice.*  Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

16.     Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

17.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a notice is required *unless* the consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c).  Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

(C) **Prohibition on fees not properly disclosed and explicitly assumed by consumer.**  No fee may be imposed by any automated

teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R. § 205.16(e) provides that:

(e) *Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1) The consumer is provided the notices required under paragraph (c) of this section, and

(2) The consumer elects to continue the transaction or inquiry after receiving such notices.

18. In connection with 2006 amendments to the EFTA, the Board of Governors of the Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*, explained the EFTA's disclosure requirements as follows:

The final rule clarifies the **two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct.** Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee….

71 F.R. 1638, 1656 (emphasis added).

19. Thus, the statute and regulation require that a physical notice must be displayed informing consumers that the ATM imposes a surcharge and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

20.     The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements.  *See Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19, 2006).  A plaintiff seeking statutory damages under the EFTA need not prove that he or she sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into a transaction.  *Burns*, 2006 WL 3754820, *6 ("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

21.     The notice referenced in 15 U.S.C. § 1693f has no arguable applicability to Plaintiff's claims because, among other things, Plaintiff is not an account holder of Defendant.

## B.     Defendant's Conduct

22.     Defendant is an ATM operator regulated under the EFTA, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

23.     Defendant owns and operates the AmeriFirst ATM located at 1799 Highway 14 East; Prattville, AL 36067.

24.     The AmeriFirst ATM permits consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

25.     The AmeriFirst ATM imposes a fee on consumers who withdraw cash from the AmeriFirst ATM.

26.     Defendant failed to post on or at the AmeriFirst ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendant's improper imposition of a fee to users of the AmeriFirst ATM.

27.     Defendant's failure to post the required notice on or at the AmeriFirst ATM has resulted in frequent and persistent non-compliance with the EFTA.  Said violations of the EFTA have adversely affected hundreds or thousands of consumers.

28.     Despite knowing of the ATM fee notice provisions of the EFTA, Defendant has intentionally violated and continues to violate the EFTA by failing to post the required ATM fee notice at the AmeriFirst ATM and improperly imposing ATM fees.

29.     Defendant's non-compliance with the ATM fee notice requirements of the EFTA, and subsequent imposition of a fee, did not result from a bona fide error.

C.      Plaintiff's Electronic Funds Transfers With Defendant

30.     Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

31.     In September of 2010, Plaintiff used the AmeriFirst ATM described in this Complaint in order to conduct an electronic funds transfer involving the withdrawal of cash.

32.     The AmeriFirst ATM did not and does not have the fee notice required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16 as it did not have any sign affixed to it or in close proximity to it informing consumers that use of the AmeriFirst ATM will or may result in an ATM surcharge.

33.     Plaintiff was in fact assessed a $3.00 ATM surcharge fee for withdrawing cash from the AmeriFirst ATM described in this Complaint.

**V.      CLASS ALLEGATIONS**

34.     Plaintiff brings this class action on behalf of herself and all other similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35.     Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the AmeriFirst ATM described in ¶

7 and (c) were assessed a fee for withdrawing cash from the AmeriFirst ATM described in ¶ 7, (d) on or after the date one year prior to the filing of this action and continuing through the trial of this cause or until the Defendant is compliant with the ETFA by posting the appropriate notice. (the "Class").

36. Congress expressly intended that the EFTA would be enforced, in part, through private class actions. 15 U.S.C. § 1693m(a).

37. Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the Class.

38. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records. Defendant has exclusive control of this information.

39. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

40. Defendant can generate data for its ATMs identifying each transaction in which a fee was charged. The data will include the date of the transaction, the amount of the fee and the personal account number ("PAN") for the consumer. The PAN includes a bank identification number ("BIN"). This information can be used to identify class members.

41. The Class is sufficiently numerous to make bringing all parties before the Court impractical.

42. Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise

from the same unlawful conduct.  Plaintiff and Class members seek recovery of statutory, not actual, damages.

43.     Plaintiff and members of the Class were each users of the AmeriFirst ATM since the date one year prior to the filing of this action.

44.     Plaintiff and each member of the Class were illegally charged an ATM fee as a result of Defendant's failure to comply with the ATM fee notice requirements of the EFTA.

45.     Plaintiff and each class member received an inadequate notice regarding the imposition of an ATM fee by the AmeriFirst ATM.

46.     The questions of law and fact common to the Class predominate over questions which may affect individual members, including:

> (a)     Whether Defendant was at all relevant times during the class period an automated teller machine operator which imposed a fee on consumers for providing host transfer services to those consumers;

> (b)     Whether Defendant is the operator of the AmeriFirst ATM;

> (c)     Whether Defendant complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and

> (d)     Whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendant's acts and conduct.

47.     Plaintiff can and will adequately and vigorously represent and protect the interests of the members of the Class.  Plaintiff has no interests antagonistic to the members of the Class. Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation.

48.     Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class.

49.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class.  While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class.  The likelihood of the individual members of the Class prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

50.     Defendant has acted on grounds generally applicable to the members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## VI.     CLAIMS

**A.     Count 1:  Violation of 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. 205 *et seq.***

51.     Plaintiff incorporates and re-alleges the above numbered paragraphs by reference.

52.     Plaintiff asserts this claim on behalf of herself and the Class against Defendant.

53.     Defendant failed to provide notices to the Plaintiff and the Class as required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

54.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e) prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice of the fee is posted in a prominent and conspicuous location on or at the ATM.

55.     Defendant imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

56.     As a result of Defendant's violations of the EFTA, Defendant is liable to Plaintiff and the class for statutory damages pursuant to 15 U.S.C. § 1693m.

57.     As a result of Defendant's violations of the EFTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorney's fees.

58.     Defendant's conduct is continuing, and, unless restrained, Defendant will continue to engage in violations of the EFTA.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Class, prays for:

A.     An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B.     An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1693m;

C.     Payment of costs of suit herein incurred pursuant to 15 U.S.C. § 1693m(a)(3);

D.     Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3);

E.      A  permanent  injunction  enjoining  Defendant  from  engaging  in  conduct  in

violation of the EFTA; and

F.      For other and further relief as the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims so triable in this action.


 _/s/ Eric G. Calhoun_____
Eric G. Calhoun, Esq.
**TRAVIS, CALHOUN & CONLON, P.C.**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas  75244
(972) 934-4100 – telephone
(972) 934-4101 – facsimile
e-mail:  eric@travislaw.com



                                                OF COUNSEL:

                                                Matthew Bruce Alfreds (ALF011)
                                                445 S. Decatur Street
                                                Montgomery, AL 36103
                                                Tel:  334-264-1498
                                                Fax:  334-264-1468
                                                e-mail:  mbalfreds@bellsouth.net


                                                *Attorneys for Plaintiff and Proposed Class
                                                Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading has been properly served via the Court's CM/EFC system on this the 9th day of August, 2011, on the following individuals:

**David A. Lester, via. CM/ECF**

S/ Eric G. Calhoun
Eric G. Calhoun

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

---

**Cynthia Louise Norris**, individually and on behalf of
all others similarly situated,

      Plaintiff,

vs.                                     Civil Action No.:2:11-CV-00428-SRW
                                     **CLASS ACTION**



**Cardtronics USA, Inc.**,
Defendants **"A," "B," "C," and "D"**, the person
firm or entity responsible for maintaining the ATM
upon the occasion made the basis of this suit,

      Defendants.

---

## SECOND AMENDED COMPLAINT

---

      Plaintiff, Cynthia Louise Norris, individually, and on behalf of all others similarly situated ("Plaintiff"), alleges upon knowledge with respect to herself and upon information and belief based, in part, on the investigation of counsel, as follows:

### I.      PRELIMINARY STATEMENT

      1.    Plaintiff brings this action, individually and on behalf of all others similarly situated, against Defendant alleging violations of 15 U.S.C. § 1693 *et seq.*, which is commonly known as the Electronic Fund Transfer Act and 12 C.F.R. § 205 *et seq.*, commonly known as Regulation E, which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as the "EFTA").

2. The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services. The primary objective of the EFTA and Regulation E is the protection of consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1(b). The EFTA requires specific disclosures be given by operators of automated teller machines ("ATMs") to users of ATMs, prior to the imposition of a fee for using an ATM. 15 U.S.C. § 1693b.

3. The Congressional findings and declaration of purpose regarding the EFTA provides:

(a) Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers. However, due to unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

(b) Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights

4. The EFTA specifically requires that ATM machines must have a posted notice attached on or at the machine informing consumers of the imposition of an ATM surcharge. 15 U.S.C. § 1693b(d)(3).

5. This case is brought under the EFTA based upon the fact that Defendant has imposed ATM fees without providing any posted notice as required by the EFTA.

6. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant based on Defendant's violation of the EFTA. Plaintiff seeks, on behalf of herself and the proposed class, statutory damages, costs and attorney's fees, all of which are

expressly made available by statute, 15 U.S.C. § 1693m.  Plaintiff does not seek actual damages. Plaintiff also seeks a permanent injunction enjoining Defendant from continuing its unlawful practice of negligently, willfully, or knowingly violating the provisions of the EFTA which prohibit the improper imposition of ATM fees.

## II.     PARTIES

7.     Plaintiff is a natural person who resides in Montgomery County, Alabama and used certain ATM owned and operated by Cardtronics USA, Inc. and located at 1799 Highway 14 East; Prattville, AL 36067 (hereinafter, the "Cardtronics ATM"), within one year of the filing of this Complaint, and was charged an ATM surcharge fee at the ATM described in this Complaint.

8.     Defendant Cardtronics USA, Inc. ("Cardtronics") is a Alabama corporation authorized and doing business in Alabama.

9.     Plaintiff does not know the true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants sued in this action as "A," "B," "C," and "D," inclusive, and accordingly, Plaintiff sues such Defendants by such fictitious names. Plaintiff is informed and believes, and based on such information and belief alleges, that each defendant is in some way responsible for the wrongful conduct as alleged below.  Plaintiff requests leave that when the true names and capacities of such defendants are ascertained, they may be inserted here with the appropriate allegations.


## III.     JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*

11. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## IV. BACKGROUND

## A. Electronic Funds Transfer Act

12. "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes . . . automated teller machine transactions . . . ." 15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

13. Defendant is an "automated teller machine operator" as that term is defined by 12 C.F.R. § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

14. 15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. § 205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the fee before the consumer is committed to the transaction. Specifically, 12 C.F.R. § 205.16(b) states:

*General.*  An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1)     Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

(2)     Disclose the amount of the fee.

15.     15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c), specifies the notice to be provided to consumers.  12 C.F.R. § 205.16(c) states:

(c)     *Notice requirement.*  To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1)     *On the machine.*  Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2)     *Screen or paper notice.*  Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

16.     Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

17.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a notice is required *unless* the

consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c). Specifically, 15

U.S.C. § 1693b(d)(3)(C) states in relevant part:

> (C) **Prohibition on fees not properly disclosed and explicitly assumed by consumer.** No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R. § 205.16(e) provides that:

> (e) *Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if
>
> (1) The consumer is provided the notices required under paragraph (c) of this section, and
>
> (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

18.     In connection with 2006 amendments to the EFTA, the Board of Governors of the

Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*,

explained the EFTA's disclosure requirements as follows:

> The final rule clarifies the ***two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct.*** Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee….
>
> 71 F.R. 1638, 1656 (emphasis added).

19.     Thus, the statute and regulation require that a physical notice must be displayed informing consumers that the ATM imposes a surcharge and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

20.     The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements.  *See Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19, 2006).  A plaintiff seeking statutory damages under the EFTA need not prove that he or she sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into a transaction.  *Burns*, 2006 WL 3754820, *6 ("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

21.     The notice referenced in 15 U.S.C. § 1693f has no arguable applicability to Plaintiff's claims because, among other things, Plaintiff is not an account holder of Defendant.

## B.     Defendant's Conduct

22.     Defendant is an ATM operator regulated under the EFTA, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

23.     Defendant owns and operates the Cardtronics ATM located at 1799 Highway 14 East; Prattville, AL 36067.

24.     The Cardtronics ATM permits consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

25.     The Cardtronics ATM imposes a fee on consumers who withdraw cash from the Cardtronics ATM.

26.     Defendant failed to post on or at the Cardtronics ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendant's improper imposition of a fee to users of the Cardtronics ATM.

27.     Defendant's failure to post the required notice on or at the Cardtronics ATM has resulted in frequent and persistent non-compliance with the EFTA. Said violations of the EFTA have adversely affected hundreds or thousands of consumers.

28.     Despite knowing of the ATM fee notice provisions of the EFTA, Defendant has intentionally violated and continues to violate the EFTA by failing to post the required ATM fee notice at the Cardtronics ATM and improperly imposing ATM fees.

29.     Defendant's non-compliance with the ATM fee notice requirements of the EFTA, and subsequent imposition of a fee, did not result from a bona fide error.

## C.     Plaintiff's Electronic Funds Transfers With Defendant

30.     Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

31.     In September of 2010, Plaintiff used the Cardtronics ATM described in this Complaint in order to conduct an electronic funds transfer involving the withdrawal of cash.

32.     The Cardtronics ATM did not and does not have the fee notice required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16 as it did not have any sign affixed to it or in close proximity to it informing consumers that use of the Cardtronics ATM will or may result in an ATM surcharge.

33.     Plaintiff was in fact assessed a $3.00 ATM surcharge fee for withdrawing cash from the Cardtronics ATM described in this Complaint.

## V.     CLASS ALLEGATIONS

34.     Plaintiff brings this class action on behalf of herself and all other similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35.     Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the Cardtronics ATM described in ¶ 7 and (c) were assessed a fee for withdrawing cash from the Cardtronics ATM described in ¶ 7, (d) on or after the date one year prior to the filing of this action and continuing through the trial of this cause or until the Defendant is compliant with the ETFA by posting the appropriate notice.  (the "Class").

36.     Congress expressly intended that the EFTA would be enforced, in part, through private class actions.  15 U.S.C. § 1693m(a).

37.     Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the Class.

38.     The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records.  Defendant has exclusive control of this information.

39.     Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

40.     Defendant can generate data for its ATMs identifying each transaction in which a fee was charged.  The data will include the date of the transaction, the amount of the fee and the personal account number ("PAN") for the consumer.  The PAN includes a bank identification number ("BIN").  This information can be used to identify class members.

41.     The Class is sufficiently numerous to make bringing all parties before the Court impractical.

42.     Plaintiff's claims are typical of the claims of the members of the Class.  The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.  Plaintiff and Class members seek recovery of statutory, not actual, damages.

43.     Plaintiff and members of the Class were each users of the Cardtronics ATM since the date one year prior to the filing of this action.

44.     Plaintiff and each member of the Class were illegally charged an ATM fee as a result of Defendant's failure to comply with the ATM fee notice requirements of the EFTA.

45.     Plaintiff and each class member received an inadequate notice regarding the imposition of an ATM fee by the Cardtronics ATM.

46.     The questions of law and fact common to the Class predominate over questions which may affect individual members, including:

(a)     Whether Defendant was at all relevant times during the class period an automated teller machine operator which imposed a fee on consumers for providing host transfer services to those consumers;

(b)     Whether Defendant is the operator of the Cardtronics ATM;

(c)     Whether Defendant complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and

(d)     Whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendant's acts and conduct.

47.     Plaintiff can and will adequately and vigorously represent and protect the interests of the members of the Class.  Plaintiff has no interests antagonistic to the members of the Class.

Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation.

48.     Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class.

49.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class.  While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class.  The likelihood of the individual members of the Class prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

50.     Defendant has acted on grounds generally applicable to the members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## VI.     CLAIMS

**A.     <u>Count 1:  Violation of 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. 205 *et seq.*</u>**

51.     Plaintiff incorporates and re-alleges the above numbered paragraphs by reference.

52.     Plaintiff asserts this claim on behalf of herself and the Class against Defendant.

53.     Defendant failed to provide notices to the Plaintiff and the Class as required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

54.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e) prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice of the fee is posted in a prominent and conspicuous location on or at the ATM.

55.     Defendant imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

56.     As a result of Defendant's violations of the EFTA, Defendant is liable to Plaintiff and the class for statutory damages pursuant to 15 U.S.C. § 1693m.

57.     As a result of Defendant's violations of the EFTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorney's fees.

58.     Defendant's conduct is continuing, and, unless restrained, Defendant will continue to engage in violations of the EFTA.

### **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Class, prays for:

A.      An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B.      An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1693m;

C.      Payment of costs of suit herein incurred pursuant to 15 U.S.C. § 1693m(a)(3);

D.     Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3);

E.     A permanent injunction enjoining Defendant from engaging in conduct in violation of the EFTA; and

F.     For other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable in this action.


 _s/ Matthew Bruce Alfreds_____
Matthew Bruce Alfreds (ALF011)
445 S. Decatur Street
Montgomery, AL 36103
Tel:  334-264-1498
Fax:  334-264-1468
e-mail:  mbalfreds@bellsouth.net


**OF COUNSEL:**

Eric G. Calhoun, Esq.
**TRAVIS, CALHOUN & CONLON, P.C.**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas  75244
(972) 934-4100 – telephone
(972) 934-4101 – facsimile
e-mail:  eric@travislaw.com

*Attorneys for Plaintiff and Proposed Class Counsel*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been properly served via the Court's CM/EFC system on this the 19th day of August 2011, on the following individuals:


**David A. Lester, via. CM/ECF**

S/ Matthew Bruce Alfreds_____

Matthew Bruce Alfreds

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

**CYNTHIA LOUISE NORRIS,**
**individually and on behalf of all other**
**similarly situated,**

      **Plaintiff,**

**v.**

**AMERIFIRST BANK,**
**DEFENDANTS "A," "B," "C," and**
**"D," the person, firm, or entity**
**responsible for maintaining the ATM**
**upon the occasion made the basis of**
**this suit,**

      **Defendants.**

**CASE NUMBER:**

**2:11-cv-428**

**CLASS CERTIFICATION**
**SOUGHT**

## NOTICE OF CONSENT TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Cynthia Norris respectfully submits her Second Amended Complaint with the consent of Defendant AmeriFirst Bank ("AmeriFirst"). In support of this motion, Plaintiff shows the Court as follows:

1.    Plaintiff filed this case against AmeriFirst on June 6, 2008. *See* Complaint [Doc. No. 1]. AmeriFirst filed its Answer on July 8, 2011. *See* Answer [Doc. No. 9].

2.    Soon after filing its Answer, counsel for AmeriFirst contacted Plaintiff's counsel and advised that AmeriFirst's automated teller machines

1

("ATMs") were maintained and operated by a third-party contractor, Cardtronics USA, Inc. ("Cardtronics"). Under the terms of AmeriFirst's contract with Cardtronics, Cardtronics is required to indemnify AmeriFirst in lawsuits related to the operation of AmeriFirst's ATMs. Cardtronics initially declined to indemnify AmeriFirst in this lawsuit because the initial Complaint alleged that the ATM giving rise to Plaintiff's claims was located at 1799 McQueen Smith Road in Prattville. The ATM is actually located at 1799 Highway 14 East in Prattville, which is located at the intersection of Highway 14 East and McQueen Smith Road. Thereafter, Plaintiff filed a Motion to Amend her Complaint to correct her allegations relating to the ATM's location.

3.    After receiving a copy of Plaintiff's Amended Complaint, Cardtronics agreed to indemnify AmeriFirst in this lawsuit and asked Plaintiff's counsel to substitute Cardtronics in place of AmeriFirst as Defendant in this case. After reviewing the contract between AmeriFirst and Cardtronics, Plaintiff agrees that it would be appropriate to substitute Cardtronics in place of AmeriFirst as Defendant in this case.

4.    Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." AmeriFirst has consented to Plaintiff's proposed Second Amended Complaint, a copy of which is attached hereto as **Exhibit A**.

2

**WHEREFORE,** Plaintiff respectfully submits her Second Amended Complaint substituting Cardtronics in place of AmeriFirst as Defendant in this case.

Respectfully submitted this 19th day of August, 2011.

*/s/ Eric G. Calhoun*                          */s/ David A. Lester*

| | |
|---|---|
| Eric G. Calhoun<br>**Travis, Calhoun & Conlon. P.C.**<br>1000 Providence Towers East<br>5001 Spring Valley Road<br>Dallas, Texas 75244<br>Telephone: (972) 934-4100<br>Facsimile: (972) 934-4101<br>Email: eric@travislaw.com<br><br>Matthew Bruce Alfreds (ALF011)<br>455 S. Decatur Street<br>Montgomery, Alabama 36103<br>Telephone: (334) 264-1498<br>Facsimile: (334) 264-1468<br>Email: mbalfreds@bellsouth.net<br><br>**Attorneys for Plaintiff Cynthia Louise Norris** | David A. Lester (LES012)<br>**JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE, L.L.P.**<br>1819 5th Avenue North, Suite 1100<br>Birmingham, Alabama 35203<br>Telephone: (205) 244-5283<br>Facsmilie: (205) 244-5483<br>Email: dlester@joneswalker.com<br><br>**Attorney for Defendant AmeriFirst Bank** |

3

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 19th day of August, 2011, caused the foregoing to be served on the following persons via the Court's CM/ECF electronic filing system:

> David A. Lester (LES012)
> **JONES, WALKER, WAECHTER, POITEVENT,
> CARRÈRE & DENÈGRE, L.L.P.**
> 1819 5th Avenue North, Suite 1100
> Birmingham, Alabama 35203
> Telephone: (205) 244-5283
> Facsmilie: (205) 244-5483
> Email: dlester@joneswalker.com

> /s/ *Eric G. Calhoun*
> Of Counsel

{BH091901.1}

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

---

**Cynthia Louise Norris**, individually and on behalf of
all others similarly situated,

      Plaintiff,

vs.                          Civil Action No.:2:11-CV-00428-SRW
                                      **CLASS ACTION**


**Cardtronics USA, Inc.**,
Defendants **"A," "B," "C," and "D"**, the person
firm or entity responsible for maintaining the ATM
upon the occasion made the basis of this suit,

      Defendants.

---

## SECOND AMENDED COMPLAINT

---

Plaintiff, Cynthia Louise Norris, individually, and on behalf of all others similarly

situated ("Plaintiff"), alleges upon knowledge with respect to herself and upon information and

belief based, in part, on the investigation of counsel, as follows:

### I.      PRELIMINARY STATEMENT

1.     Plaintiff brings this action, individually and on behalf of all others similarly

situated, against Defendant alleging violations of 15 U.S.C. § 1693 *et seq.*, which is commonly

known as the Electronic Fund Transfer Act and 12 C.F.R. § 205 *et seq.*, commonly known as

Regulation E, which contains regulations promulgated by the Board of Governors of the Federal

Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively

referred to as the "EFTA").

2.    The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services.  The primary objective of the EFTA and Regulation E is the protection of consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1(b).  The EFTA requires specific disclosures be given by operators of automated teller machines ("ATMs") to users of ATMs, prior to the imposition of a fee for using an ATM. 15 U.S.C. § 1693b.

3.    The Congressional findings and declaration of purpose regarding the EFTA provides:

(a)    Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers.  However, due to unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

(b)    Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.  The primary objective of this subchapter, however, is the provision of individual consumer rights

4.    The EFTA specifically requires that ATM machines must have a posted notice attached on or at the machine informing consumers of the imposition of an ATM surcharge.  15 U.S.C. § 1693b(d)(3).

5.    This case is brought under the EFTA based upon the fact that Defendant has imposed ATM fees without providing any posted notice as required by the EFTA.

6.    Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant based on Defendant's violation of the EFTA.  Plaintiff seeks, on behalf of herself and the proposed class, statutory damages, costs and attorney's fees, all of which are

expressly made available by statute, 15 U.S.C. § 1693m. Plaintiff does not seek actual damages. Plaintiff also seeks a permanent injunction enjoining Defendant from continuing its unlawful practice of negligently, willfully, or knowingly violating the provisions of the EFTA which prohibit the improper imposition of ATM fees.

## II.  PARTIES

7.  Plaintiff is a natural person who resides in Montgomery County, Alabama and used certain ATM owned and operated by Cardtronics USA, Inc. and located at 1799 Highway 14 East; Prattville, AL 36067 (hereinafter, the "Cardtronics ATM"), within one year of the filing of this Complaint, and was charged an ATM surcharge fee at the ATM described in this Complaint.

8.  Defendant Cardtronics USA, Inc. ("Cardtronics") is a Alabama corporation authorized and doing business in Alabama.

9.  Plaintiff does not know the true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants sued in this action as "A," "B," "C," and "D," inclusive, and accordingly, Plaintiff sues such Defendants by such fictitious names. Plaintiff is informed and believes, and based on such information and belief alleges, that each defendant is in some way responsible for the wrongful conduct as alleged below. Plaintiff requests leave that when the true names and capacities of such defendants are ascertained, they may be inserted here with the appropriate allegations.

## III.   JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*

11.     Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## IV. BACKGROUND

### A.     Electronic Funds Transfer Act

12.     "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes . . . automated teller machine transactions . . . ." 15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

13.     Defendant is an "automated teller machine operator" as that term is defined by 12 C.F.R. § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

14.     15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. § 205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the fee before the consumer is committed to the transaction. Specifically, 12 C.F.R. § 205.16(b) states:

*General.* An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

(2) Disclose the amount of the fee.

15. 15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c), specifies the notice to be provided to consumers. 12 C.F.R. § 205.16(c) states:

(c) *Notice requirement.* To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1) *On the machine.* Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2) *Screen or paper notice.* Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

16. Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

17. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a notice is required *unless* the

5

consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c). Specifically, 15

U.S.C. § 1693b(d)(3)(C) states in relevant part:

> (C) **Prohibition on fees not properly disclosed and explicitly assumed by consumer.** No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R. § 205.16(e) provides that:

> (e) *Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if
>
> (1) The consumer is provided the notices required under paragraph (c) of this section, and
>
> (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

    18. In connection with 2006 amendments to the EFTA, the Board of Governors of the

Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*,

explained the EFTA's disclosure requirements as follows:

> The final rule clarifies the ***two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct.*** Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee….
>
> 71 F.R. 1638, 1656 (emphasis added).

19.     Thus, the statute and regulation require that a physical notice must be displayed informing consumers that the ATM imposes a surcharge and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

20.     The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements.  *See Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19, 2006).  A plaintiff seeking statutory damages under the EFTA need not prove that he or she sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into a transaction.  *Burns*, 2006 WL 3754820, *6 ("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

21.     The notice referenced in 15 U.S.C. § 1693f has no arguable applicability to Plaintiff's claims because, among other things, Plaintiff is not an account holder of Defendant.

## B.     Defendant's Conduct

22.     Defendant is an ATM operator regulated under the EFTA, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

23.     Defendant owns and operates the Cardtronics ATM located at 1799 Highway 14 East; Prattville, AL 36067.

24.     The Cardtronics ATM permits consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

25.     The Cardtronics ATM imposes a fee on consumers who withdraw cash from the Cardtronics ATM.

26.     Defendant failed to post on or at the Cardtronics ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendant's improper imposition of a fee to users of the Cardtronics ATM.

27.     Defendant's failure to post the required notice on or at the Cardtronics ATM has resulted in frequent and persistent non-compliance with the EFTA.  Said violations of the EFTA have adversely affected hundreds or thousands of consumers.

28.     Despite knowing of the ATM fee notice provisions of the EFTA, Defendant has intentionally violated and continues to violate the EFTA by failing to post the required ATM fee notice at the Cardtronics ATM and improperly imposing ATM fees.

29.     Defendant's non-compliance with the ATM fee notice requirements of the EFTA, and subsequent imposition of a fee, did not result from a bona fide error.

## C.     Plaintiff's Electronic Funds Transfers With Defendant

30.     Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

31.     In September of 2010, Plaintiff used the Cardtronics ATM described in this Complaint in order to conduct an electronic funds transfer involving the withdrawal of cash.

32.     The Cardtronics ATM did not and does not have the fee notice required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16 as it did not have any sign affixed to it or in close proximity to it informing consumers that use of the Cardtronics ATM will or may result in an ATM surcharge.

33.     Plaintiff was in fact assessed a $3.00 ATM surcharge fee for withdrawing cash from the Cardtronics ATM described in this Complaint.

## V.     CLASS ALLEGATIONS

34.     Plaintiff brings this class action on behalf of herself and all other similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35.     Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the Cardtronics ATM described in ¶ 7 and (c) were assessed a fee for withdrawing cash from the Cardtronics ATM described in ¶ 7, (d) on or after the date one year prior to the filing of this action and continuing through the trial of this cause or until the Defendant is compliant with the ETFA by posting the appropriate notice.  (the "Class").

36.     Congress expressly intended that the EFTA would be enforced, in part, through private class actions.  15 U.S.C. § 1693m(a).

37.     Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the Class.

38.     The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records.  Defendant has exclusive control of this information.

39.     Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

40.     Defendant can generate data for its ATMs identifying each transaction in which a fee was charged.  The data will include the date of the transaction, the amount of the fee and the personal account number ("PAN") for the consumer.  The PAN includes a bank identification number ("BIN").  This information can be used to identify class members.

41.     The Class is sufficiently numerous to make bringing all parties before the Court impractical.

42.     Plaintiff's claims are typical of the claims of the members of the Class.  The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.  Plaintiff and Class members seek recovery of statutory, not actual, damages.

43.     Plaintiff and members of the Class were each users of the Cardtronics ATM since the date one year prior to the filing of this action.

44.     Plaintiff and each member of the Class were illegally charged an ATM fee as a result of Defendant's failure to comply with the ATM fee notice requirements of the EFTA.

45.     Plaintiff and each class member received an inadequate notice regarding the imposition of an ATM fee by the Cardtronics ATM.

46.     The questions of law and fact common to the Class predominate over questions which may affect individual members, including:

(a)     Whether Defendant was at all relevant times during the class period an automated teller machine operator which imposed a fee on consumers for providing host transfer services to those consumers;

(b)     Whether Defendant is the operator of the Cardtronics ATM;

(c)     Whether Defendant complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and

(d)     Whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendant's acts and conduct.

47.     Plaintiff can and will adequately and vigorously represent and protect the interests of the members of the Class.  Plaintiff has no interests antagonistic to the members of the Class.

Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation.

48.     Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class.

49.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

50.     Defendant has acted on grounds generally applicable to the members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## VI.     CLAIMS

**A.      <u>Count 1:  Violation of 15 U.S.C. § 1693 _et seq._ and 12 C.F.R. 205 _et seq._</u>**

51. Plaintiff incorporates and re-alleges the above numbered paragraphs by reference.

52. Plaintiff asserts this claim on behalf of herself and the Class against Defendant.

53. Defendant failed to provide notices to the Plaintiff and the Class as required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

54. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e) prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice of the fee is posted in a prominent and conspicuous location on or at the ATM.

55. Defendant imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

56. As a result of Defendant's violations of the EFTA, Defendant is liable to Plaintiff and the class for statutory damages pursuant to 15 U.S.C. § 1693m.

57. As a result of Defendant's violations of the EFTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorney's fees.

58. Defendant's conduct is continuing, and, unless restrained, Defendant will continue to engage in violations of the EFTA.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Class, prays for:

A. An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B. An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1693m;

C. Payment of costs of suit herein incurred pursuant to 15 U.S.C. § 1693m(a)(3);

D.       Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3);

E.       A permanent injunction enjoining Defendant from engaging in conduct in violation of the EFTA; and

F.       For other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable in this action.


  _s/ Matthew Bruce Alfreds_____
Matthew Bruce Alfreds (ALF011)
445 S. Decatur Street
Montgomery, AL 36103
Tel:  334-264-1498
Fax:  334-264-1468
e-mail:  mbalfreds@bellsouth.net


                                                    **OF COUNSEL:**

                                                    Eric G. Calhoun, Esq.
                                                    **TRAVIS, CALHOUN & CONLON, P.C.**
                                                    1000 Providence Towers East
                                                    5001 Spring Valley Road
                                                    Dallas, Texas  75244
                                                    (972) 934-4100 – telephone
                                                    (972) 934-4101 – facsimile
                                                    e-mail:  eric@travislaw.com

                                                    *Attorneys for Plaintiff and Proposed Class Counsel*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been properly served via the Court's CM/EFC system on this the 19th day of August 2011, on the following individuals:


**David A. Lester, via. CM/ECF**

                                        S/ Matthew Bruce Alfreds_____

Matthew Bruce Alfreds

MD AL MODIFIED AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Alabama

| | |
|---|---|
| Cynthia Louise Norris | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:11-cv-00428-SRW |
| Cardtronics USA, Inc. | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Cardtronics USA, Inc.
2 N. Jackson Street, Suite 605
Montgomery, AL 36104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.P. 12 (a)(2) or (3) — or 90 days in a Social Security action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Matthew Bruce Alfreds
445 S Decatur St.
Montgomery, AL 36104
(334) 264-1498

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*DEBRA P. HACKETT, CLERK OF COURT*

Date: 8/24/2011

*Signature of Clerk or Deputy Clerk*

MD AL MODIFIED AO 440 (Rev. 02/09) Summons in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0   .

I declare under penalty of perjury that this information is true.


Date: _____                    _____

                                          *Server's signature*


                                          _____

                                          *Printed name and title*



                                          _____

                                          *Server's address*


Additional information regarding attempted service, etc:

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CARDTRONICS USA, INC.
c/o CT CORP. SYSTEM
2 N. JACKSON STREET, SUITE 605
MONTGOMERY, AL 36104

2d Amd
11 CV 428 sm, cmp

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by ( Printed Name)  C. Date of Delivery
9/25/11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7007 2560 0003 0355 5552

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| CYNTHIA LOUISE NORRIS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:11-CV-00428-SRW |
| CARDTRONICS USA, INC., | ) | **CLASS ACTION** |
| Defendants "A," "B," "C," and "D", the person firm or entity responsible for maintaining the ATM upon the occasion made the basis for this suit, | ) ) ) ) | |
| Defendants. | ) | |

**CARDTRONICS' ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Cardtronics USA, Inc. ("Cardtronics"), by and through its attorneys, hereby responds to the Second Amended Complaint ("Complaint") of Plaintiff Cynthia Louise Norris, individually and on behalf of all others similarly situated ("Plaintiff") as follows:

**ANSWER**

Cardtronics adopts for convenience the headings used in the Complaint as reference only, and denies any allegations implied thereby.

**I.    PRELIMINARY STATEMENT**

1.    Paragraph 1 of the Complaint states a conclusion of law as to which no response is required.

2.    Paragraph 2 of the Complaint states a conclusion of law as to which no response is required.

3.    Paragraph 3 of the Complaint states a conclusion of law as to which no response is required.  To the extent that Paragraph 3 is quoting the source, the language speaks for itself and any attempt to characterize the language is denied.

4.    Paragraph 4 of the Complaint states a conclusion of law as to which no response is required.

5.    Paragraph 5 of the Complaint states a conclusion of law as to which no response is required.

6.    Paragraph 6 of the Complaint states a conclusion of law as to which no response is required.

## II.    PARTIES

7.    Cardtronics admits that it operates the ATM located at 1799 Highway 14 East, Prattville, Alabama, but denies that it owns that ATM.  Except as specifically admitted, Cardtronics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and on that basis denies each and every remaining allegation.

8.    Cardtronics denies that it is an Alabama corporation.

9.    Cardtronics lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis denies each and every allegation.

## III.    JURISDICTION AND VENUE

10.    Paragraph 10 of the Complaint states a conclusion of law as to which no response is required.

11.     Paragraph 11 of the Complaint states a conclusion of law as to which no response is required.

## IV.     BACKGROUND

### A.     Electronic Funds Transfer Act

12.     Paragraph 12 of the Complaint states a conclusion of law as to which no response is required.  To the extent that Paragraph 12 is quoting the statute, the statute speaks for itself and any attempt to characterize it is denied.

13.     In response to Paragraph 13 of the Complaint, Cardtronics admits it is an "automated teller machine operator."  The remaining allegations in Paragraph 13 of the Complaint state conclusions of law as to which no response is required.  To the extent that Paragraph 13 is quoting the regulation, the regulation speaks for itself and any attempt to characterize it is denied.

14.     Paragraph 14 of the Complaint states a conclusion of law as to which no response is required.  To the extent that Paragraph 14 is quoting the regulation, the regulation speaks for itself and any attempt to characterize it is denied.

15.     Paragraph 15 of the Complaint states a conclusion of law as to which no response is required.  To the extent that Paragraph 15 is quoting the regulation, the regulation speaks for itself and any attempt to characterize it is denied.

16.     Paragraph 16 of the Complaint states a conclusion of law as to which no response is required.

17.     Paragraph 17 of the Complaint states a conclusion of law as to which no response is required.  To the extent that Paragraph 17 is quoting the statute and regulation, these sources speak for themselves and any attempt to characterize is denied.

18.    Paragraph 18 of the Complaint states a conclusion of law as to which no response is required.  To the extent that Paragraph 18 is quoting the source, the language speaks for itself and any attempt to characterize the language is denied.

19.    Paragraph 19 of the Complaint states a conclusion of law as to which no response is required.

20.    Paragraph 20 of the Complaint states a conclusion of law as to which no response is required.

21.    Paragraph 21 of the Complaint states a conclusion of law as to which no response is required.

**B.    Defendant's Conduct**

22.    In response to Paragraph 22 of the Complaint, Cardtronics admits it is an ATM operator.  The remaining allegations in Paragraph 22 of the Complaint state conclusions of law as to which no response is required.

23.    Cardtronics admits that it operates the ATM located at 1799 Highway 14 East in Prattville, Alabama but denies that it owns that ATM.

24.    In response to Paragraph 24 of the Complaint, Cardtronics admits that the Cardtronics ATMs permit consumers to perform electronic fund transfers.  The remaining allegations in Paragraph 24 of the Complaint state conclusions of law as to which no response is required.

25.    Cardtronics admits that the Cardtronics ATMs are capable of imposing fees. Cardtronics denies that the Cardtronics ATMs impose fees on all consumers who withdraw cash.

26.    Denied.

27.     The allegations in Paragraph 27 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 27 states allegations of fact, Cardtronics denies them.

28.     Denied.

29.     The allegations in Paragraph 29 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 29 states allegations of fact, Cardtronics denies them.

**C.     Plaintiff's Electronic Funds Transfers With Defendant**

30.     Paragraph 30 of the Complaint states a conclusion of law as to which no response is required.

31.     Cardtronics is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and on that basis denies each and every allegation.

32.     The allegations in Paragraph 32 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 32 states allegations of fact, Cardtronics denies them.

33.     Cardtronics is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and on that basis denies each and every allegation.

**V.     CLASS ALLEGATIONS**

34.     Paragraph 34 of the Complaint states a conclusion of law as to which no response is required.

35.     Paragraph 35 of the Complaint states a conclusion of law as to which no response is required.

36.     Paragraph 36 of the Complaint states a conclusion of law as to which no response is required.

37.     The allegations in Paragraph 37 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 37 states allegations of fact, Cardtronics denies them.

38.     The allegations in Paragraph 38 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 38 states allegations of fact, Cardtronics denies them.

39.     Paragraph 39 of the Complaint states a conclusion of law as to which no response is required.

40.     Denied.

41.     The allegations in Paragraph 41 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 41 states allegations of fact, Cardtronics denies them.

42.     The allegations in Paragraph 42 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 42 states allegations of fact, Cardtronics denies them.

43.     Cardtronics is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and on that basis denies each and every allegation.

44.     The allegations in Paragraph 44 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 44 states allegations of fact, Cardtronics denies them.

45.     The allegations in Paragraph 45 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 45 states allegations of fact, Cardtronics denies them.

46.     The allegations in Paragraph 46 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 46 states allegations of fact, Cardtronics denies them.

47.     The allegations in Paragraph 47 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 47 states allegations of fact, Cardtronics denies them.

48.     The allegations in Paragraph 48 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 48 states allegations of fact, Cardtronics denies them.

49.     The allegations in Paragraph 49 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 49 states allegations of fact, Cardtronics denies them.

50.     The allegations in Paragraph 50 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 50 states allegations of fact, Cardtronics denies them.

# VI.   CLAIMS

A.   **Count 1:  Violation of 15 U.S.C. § 1693** *et seq.* **and 12 C.F.R. 205** *et seq.*

51.     Cardtronics restates its responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

52.     Paragraph 52 of the Complaint states a conclusion of law as to which no response is required.

53.     The allegations in Paragraph 53 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 53 states allegations of fact, Cardtronics denies them.

54.     Paragraph 54 of the Complaint states a conclusion of law as to which no response is required.

55.     The allegations in Paragraph 55 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 55 states allegations of fact, Cardtronics denies them.

56.     The allegations in Paragraph 56 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 56 states allegations of fact, Cardtronics denies them.

57.     The allegations in Paragraph 57 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 57 states allegations of fact, Cardtronics denies them.

58.     The allegations in Paragraph 58 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 58 states allegations of fact, Cardtronics denies them.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state a valid claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statutory Safe Harbor)**

Cardtronics has no liability to Plaintiff pursuant to 15 U.S.C. § 1693h(d). Prior to the incident complained of, Cardtronics had the appropriate notice posted on the relevant ATM. The notice was subsequently removed by a third party and not by Cardtronics.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff is not entitled to recover as Plaintiff has waived any right to recovery by virtue of Plaintiff's conduct herein.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff, as result of her own conduct, is estopped from prevailing on her claims.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff, as result of her own conduct, is barred from obtaining any relief against Cardtronics under the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Wrongful Acts of Third Parties)

Individuals other than Cardtronics were careless and negligent in and about the matters alleged and that said carelessness and negligence on their part proximately contributed to and/or caused Plaintiff's damages, if any, and that should Plaintiff recover any damages, Cardtronics is entitled to have such damages reduced or eliminated to the extent the third parties caused or contributed to such damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Cardtronics has at all times acted in good faith and with reasonable procedures in place to fully comply with the EFTA and other applicable regulations.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff is not entitled to recover as she has sustained no damages.

## NINTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

If the required notice was not on the ATM at issue, this violation was not intentional and resulted from a bona fide error notwithstanding Cardtronics' maintenance of procedures reasonably adapted to avoid any such error.  15 U.S.C. § 1693m(c).

## RESERVATION OF DEFENSES

Cardtronics presently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses.  Cardtronics reserves

the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses are appropriate.

## **<u>PRAYER FOR RELIEF</u>**

Cardtronics respectfully requests that the Court:

(1)     Dismiss the Second Amended Complaint with prejudice in its entirety and/or enter judgment in Cardtronics' favor and against Plaintiff;

(2)     Grant Cardtronics its attorneys' fees and costs to the extent recoverable under the law; and

(3)     Award Cardtronics any other relief the Court deems just and equitable.

Dated:  September 14, 2011                    Respectfully submitted,

<div style="margin-left: 45%">

/s/ Robert E. Poundstone IV
Robert E. Poundstone IV (ASB-5864-N53R)
Charles A. Stewart(ASB-4955-A56C)
BRADLEY ARANT BOULT CUMMINGS
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone:  (334) 956-7700
Facsimile:  (334) 956-7701
Email:  bpoundstone@babc.com
Email:  cstewart@babc.com

*Attorneys for Cardtronics USA, Inc.*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2011, I will electronically file

**CARDTRONICS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** with

the Clerk of Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to the following:

Matthew Bruce Alfreds
445 S. Decatur Street
Montgomery, AL  36103
Email:  mbalfreds@bellsouth.net

Eric G. Calhoun
Travis, Calhoun & Conlon, P.C.
1000 Providence Towers East
5001 Spring Valley Road
Dallas, TX  75244
Email:  eric@travislaw.com

/s/ Robert E. Poundstone IV
Robert E. Poundstone IV (ASB-5864-N53R)
BRADLEY ARANT BOULT CUMMINGS
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone:  (334) 956-7700
Facsimile:  (334) 956-7701
Email:  bpoundstone@babc.com

489968•RE

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CYNTHIA LOUISE NORRIS, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | |
| ) | |
| v. ) ) | CASE NO. 2:11-CV-00428-SRW **CLASS ACTION** |
| CARDTRONICS USA, INC., Defendants "A," "B," "C," and "D", the person firm or entity responsible for maintaining the ATM upon the occasion made the basis for this suit, ) ) ) ) ) ) | |
| Defendants. ) | |

## CARDTRONICS' CONFLICT DISCLOSURE STATEMENT

COMES NOW Cardtronics USA, Inc. ("Cardtronics"), a Defendant in the above-captioned matter, and in accordance with the order of this Court, making the following disclosure concerning parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the provisions of the Middle District of Alabama's General Order No. 3047:

The following entities and their relationship to the party are hereby reported:  Cardtronics USA, Inc.'s parent corporation is Cardtronics, Inc., which owns 100% percent of Cardtronics USA, Inc.  Cardtronics, Inc. is a publicly held company traded on the NASDAQ under the symbol CATM, and no publicly held company owns 10% or more of Cardtronics, Inc.

Dated: September 14, 2011               Respectfully submitted,

                                   /s/ Robert E. Poundstone IV
                                   Robert E. Poundstone IV (ASB-5864-N53R)
                                   Charles A. Stewart(ASB-4955-A56C)
                                   Bradley Arant Boult Cummings
                                   401 Adams Avenue, Suite 780
                                   Montgomery, AL 36104
                                   Telephone: (334) 956-7700
                                   Facsimile: (334) 956-7701
                                   Email: bpoundstone@babc.com
                                   Email: cstewart@babc.com

                                   *Attorneys for Cardtronics USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of September, 2011, I will electronically file

**CARDTRONICS' CONFLICT DISCLOSURE STATEMENT** with the Clerk of Court using

the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Matthew Bruce Alfreds
445 S. Decatur Street
Montgomery, AL  36103
Email:  mbalfreds@bellsouth.net

Eric G. Calhoun
Travis, Calhoun & Conlon, P.C.
1000 Providence Towers East
5001 Spring Valley Road
Dallas, TX  75244
Email:  eric@travislaw.com

/s/ Robert E. Poundstone IV
Robert E. Poundstone IV (ASB-5864-N53R)
Bradley Arant Boult Cummings
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone:  (334) 956-7700
Facsimile:  (334) 956-7701
Email:  bpoundstone@babc.com

490826•RE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **CYNTHIA LOUISE NORRIS,** individually and on behalf of all other similarly situated,<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**AMERIFIRST BANK, DEFENDANTS "A," "B," "C," and "D," the person, firm, or entity responsible for maintaining the ATM upon the occasion made the basis of this suit,**<br><br>      **Defendants.** | **CASE NUMBER:**<br><br>**2:11-cv-428**<br><br>**CLASS CERTIFICATION SOUGHT** |

## STIPULATION OF DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff Cynthia Norris and Defendant AmeriFirst Bank hereby stipulate to the dismissal with prejudice of Defendant AmeriFirst Bank from this case.

[Signatures on following page]

1

Respectfully submitted this <u>17th</u> day of October, 2011.

/s/ Eric G. Calhoun                     /s/ David A. Lester

| | |
|---|---|
| Eric G. Calhoun<br>**Travis, Calhoun & Conlon. P.C.**<br>1000 Providence Towers East<br>5001 Spring Valley Road<br>Dallas, Texas 75244<br>Telephone: (972) 934-4100<br>Facsimile: (972) 934-4101<br>Email:     eric@travislaw.com<br><br>Matthew Bruce Alfreds (ALF011)<br>455 S. Decatur Street<br>Montgomery, Alabama 36103<br>Telephone: (334) 264-1498<br>Facsimile: (334) 264-1468<br>Email:     mbalfreds@bellsouth.net<br><br>***Attorneys for Plaintiff Cynthia Louise Norris*** | David A. Lester (LES012)<br>**JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE, L.L.P.**<br>1819 5th Avenue North, Suite 1100<br>Birmingham, Alabama 35203<br>Telephone: (205) 244-5283<br>Facsmilie: (205) 244-5483<br>Email:     dlester@joneswalker.com<br><br>***Attorney for Defendant AmeriFirst Bank*** |

{BH091903.1}

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this <u>17th</u> day of October, 2011, caused the foregoing to be served on the following persons via the Court's CM/ECF electronic filing system:

Mr. Eric G. Calhoun
**T**RAVIS, **C**ALHOUN & **C**ONLON, **PC**
5001 Spring Valley Road
1000 Prov Tow East
Dallas, TX 75244
Telephone: 972-934-4100
Facsimile: 972-934-4101
Email: eric@travislaw.com
*Attorney for Plaintiff*

Mr. Matthew Bruce Alfreds
445 S Decatur St.
Montgomery, AL 36104
Telephone: 334-264-1498
Email: mbalfreds@bellsouth.net
*Attorney for Plaintiff*

Mr. Charles Andrew Stewart, III
Mr. Robert Emmett Poundstone, IV
**B**RADLEY **A**RANT **B**OULT & **C**UMMINGS **LLP**
PO Box 1469
Montgomery, AL 36102-1469
Telephone: 334-956-7700
Facsimile: 334-956-7701
Email: cstewart@babc.com
          bpoundstone@babc.com
*Attorneys for Defendant Cardtronics USA, Inc.*

                    /s/ *David A. Lester*
                    Of Counsel

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| CYNTHIA LOUISE NORRIS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:11-CV-00428-SRW |
| | ) | **CLASS ACTION** |
| CARDTRONICS USA, INC., Defendants "A," "B," "C," and "D," the person firm or entity responsible for maintaining the ATM upon the occasion made the basis for this suit, | ) ) ) ) ) | |
| Defendants. | ) | |

## CARDTRONICS' NOTICE OF FILING TO JUDICIAL PANEL ON MULTIDISTRICT LITIGATION OF NOTICE OF TAG-ALONG ACTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Cardtronics USA, Inc. ("Cardtronics") hereby notifies this Court that Cardtronics is filing today with the Judicial Panel on Multidistrict Litigation (the "Panel") a Notice of Tag-Along Action with respect to the above-captioned proceeding, a copy of which is attached hereto as Exhibit 1.

In an Order dated May 26, 2011, the Panel transferred four lawsuits to Hon. Roger T. Benitez of the U.S. District Court for the Southern District of California. *See In re Cardtronics ATM Fee Notice Litigation*, No. 11-md-2245-BEN (BLM) (S.D. Cal.). Cardtronics is the sole defendant in each of the lawsuits, along with its parent corporation in some of the actions. These actions all involve automated teller machines ("ATMs") owned and/or operated by Cardtronics that allegedly failed to post notices about ATM fees in violation of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 *et. seq.* ("EFTA").

This lawsuit, which was filed after the Panel issued its Transfer Order on May 26, 2011, presents the identical issue as these other cases. Plaintiff seeks certification of a class for an EFTA claim based on Cardtronics' alleged failure to post a fee notice on an ATM operated by Cardtronics. For these reasons, Cardtronics anticipates the Panel will issue a conditional tag-along order and, ultimately, transfer this lawsuit to the multidistrict proceeding now pending in the Southern District of California before Judge Benitez.

Dated: November 4, 2011          Respectfully submitted,

/s/ Robert E. Poundstone IV
Robert E. Poundstone IV (ASB-5864-N53R)
Charles A. Stewart III (ASB-4955-A56C)
BRADLEY ARANT BOULT CUMMINGS
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: bpoundstone@babc.com
Email: cstewart@babc.com

*Attorneys for Cardtronics USA, Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2011, I will electronically file

**CARDTRONICS' NOTICE OF FILING TO JUDICIAL PANEL ON MULTIDISTRICT**

**LITIGATION OF NOTICE OF TAG-ALONG ACTION** with the Clerk of Court using the

CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Matthew Bruce Alfreds, Esq.
445 S. Decatur Street
Montgomery, AL 36103
Email: mbalfreds@bellsouth.net

Eric G. Calhoun, Esq.
Travis, Calhoun & Conlon, P.C.
1000 Providence Towers East
5001 Spring Valley Road
Dallas, TX 75244
Email: eric@travislaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the
following non-CM/ECF participants: NONE.

/s/ Robert E. Poundstone IV _____
Of counsel

3

# EXHIBIT 1

# BEFORE THE UNITED STATES
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: | ) | |
|  | ) | |
|  | ) | MDL No. 2245 |
| Cardtronics ATM Fee Notice Litigation | ) | |
|  | ) | |

---

## CARDTRONICS' NOTICE OF TAG-ALONG ACTION

---

By Order dated May 26, 2011, the Judicial Panel on Multidistrict Litigation (the "Panel") transferred four lawsuits against Cardtronics USA, Inc. and Cardtronics, Inc. (collectively "Cardtronics") involving different automated teller machines ("ATMs"). The Complaints in all four actions alleged that Cardtronics violated the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 *et. seq.* by failing to post on-machine notices about ATM fees on the relevant ATMs. These transferred actions are now docketed as *In re Cardtronics ATM Fee Notice Litigation*, Case No. 11-md-2245-BEN (BLM) (S.D. Cal.) (Hon. Roger T. Benitez).

Pursuant to Rule 7.1, Cardtronics hereby provides notice of the following lawsuit that raises questions of fact in common with the transferred actions: *Cynthia Louise Norris v. Cardtronics USA, Inc.* This action was originally erroneously filed against AmeriFirst Bank on June 6, 2011 in the United States District Court for the Middle District of Alabama, Docket No. 2:11-cv-00428. After learning that the proper defendant is Cardtronics, Plaintiff sought to file a Second Amended Complaint and the Court substituted Cardtronics for AmeriFirst Bank on August 24, 2011.

A copy of the Second Amended Complaint and Summons is attached as Exhibit 1. Cardtronics hereby requests that the Panel transfer this lawsuit as a tag-along action to the U.S.

District Court for the Southern District of California, Hon. Roger T. Benitez, as part of the multidistrict proceeding now pending there.

DATED:  November 4, 2011

Respectfully submitted,

*/s/ Douglas P. Lobel*
Douglas P. Lobel (VA Bar No. 42329)
David A. Vogel (VA Bar No. 48971)
COOLEY LLP
11951 Freedom Drive
Reston, Virginia  20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100
Email: dlobel@cooley.com
        dvogel@cooley.com

Michelle C. Doolin (CA Bar No. 179445)
COOLEY LLP
4401 Eastgate Mall
San Diego, California  92121
Telephone:  (858) 550-6000
Facsimile:  (858) 550-6420
Email: mdoolin@cooley.com

*Attorneys for Cardtronics USA, Inc. and Cardtronics, Inc.*

# BEFORE THE UNITED STATES
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re:                                           )
                                                 )
Cardtronics ATM Fee Notice Litigation            )    MDL No. 2245
                                                 )
                                                 )

---

## SCHEDULE OF ACTIONS

---

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:** Cynthia Lousie Norris, individually and on behalf of all others similarly situated | M.D. Alabama | 2:11-cv-00428 | Susan Russ Walker |

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing **CARDTRONICS' NOTICE OF TAG-ALONG ACTION** was filed through the ECF system and will be sent electronically, via the ECF system, to the following registered participants.

B. J. Wade, Esq.
Skouteris & McGee, PLCC
50 N. Front Street, Suite 920
Memphis, TN 38103
Email: bwade@skouterismagee.com
***Counsel for Plaintiff Sheryl Johnson***
(W.D. Tenn. & N.D. Miss.)

Mark A. Golovach, Esq.
Pacific Coast Law Group
501 W. Broadway, Suite 800
San Diego, California 92101
Email: markg@pacificcoastlawgroup.com
***Counsel for Plaintiffs Joshua Sandoval &
Gini Christensen*** (S.D. Cal.)

Eric G. Calhoun, Esq.
Travis, Calhoun & Conlon, P.C.
1000 Providence Towers East, 5001 Spring Valley Road
Dallas, Texas 75244
Email: eric@travislaw.com
***Counsel for Plaintiffs Sheryl Johnson***
(W.D. Tenn.) and ***Cynthia Lousie Norris***
(M.D. Ala.)

Brian Lee Starling, Esq.
The Law Offices Of Brian L. Starling, P.A.
P.O. Box 775
Tupelo, Mississippi 38802
Email: brianstarling1@gmail.com
***Counsel for Plaintiff Sheryl Johnson***
(N.D. Miss.)

I further certify that a copy of the foregoing **CARDTRONICS' NOTICE OF TAG-ALONG ACTION** was sent by U.S. Mail to the following attorney for Plaintiff Cynthia Louise Norris.

Matthew Bruce Alfreds, Esq.
445 S. Decatur Street
Montgomery, AL 36103
Email: mbalfreds@bellsouth.net
***Counsel for Plaintiff Cynthia Louise Norris***
(M.D. Ala.)

Respectfully submitted,

*/s/ Douglas P. Lobel*
Douglas P. Lobel (VA Bar No. 42329)
COOLEY LLP
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone: (703) 456-8000

Facsimile: (703) 456-8100
Email: dlobel@cooley.com

*Attorneys for Cardtronics USA, Inc. and
Cardtronics, Inc.*

488135•RE



FILED

NOV 15 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

IN RE: CARDTRONICS ATM FEE NOTICE
LITIGATION

MDL No. 2245

(SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO−1)

On May 26, 2011, the Panel transferred 2 civil action(s) to the United States District Court for the Southern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. *See* 787 F.Supp.2d 1366 (J.P.M.L. 2011). Since that time, no additional action(s) have been transferred to the Southern District of California. With the consent of that court, all such actions have been assigned to the Honorable Roger T Benitez.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of California and assigned to Judge Benitez.

Pursuant to Rule 7.1 of the <u>Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation</u>, the action(s) on the attached schedule are transferred under 28 U.S.C. §1407 to the Southern District of California for the reasons stated in the order of May 26, 2011, and, with the consent of that court, assigned to the Honorable Roger T Benitez.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of California. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

Nov 15, 2011

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

*Jeffery Luthi*

Jeffery N. Lüthi
Clerk of the Panel

I hereby attest and certify on __Nov 15, 2011__ that the foregoing
document is a full, true and correct copy of the original on file
in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: _s/ K. Johnson_____
        Deputy

**IN RE: CARDTRONICS ATM FEE NOTICE
LITIGATION**

MDL No. 2245

## SCHEDULE CTO−1 − TAG−ALONG ACTIONS

| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|----------|----------|-------------|------------------|

ALABAMA MIDDLE

| ALM | 2 | 11−00428 | Norris v. Cardtronics USA, Inc. |